# SECRETARIAL CERTIFICATE

The undersigned officer of Champion Enterprises, Inc. (the "**Company**"), a Michigan Corporation, (the "Company"), hereby certifies as follows:

1. I am the duly qualified and elected Corporate Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto as Exhibit A is a true and complete copy of the resolution adopted by the Board of Directors of the Company (the "Board") at a duly convened meeting of the Board on November 8, 2009.

3. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate this 8th day of November 2009

_____
Roger K. Scholten
Corporate Secretary

# EXHIBIT A

# RESOLUTIONS OF THE BOARD OF CHAMPION ENTERPRISES, INC.

WHEREAS, the Board of Directors (the "**Board**") of Champion Enterprises, Inc. (the "**Company**"), a Michigan corporation, acting pursuant to the laws of the State of Michigan, has considered the financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company, the market for the Company's products and services, and the current and long-term liabilities of the Company;

WHEREAS, the Board has, over the last several months, reviewed the materials presented by the management of and the advisors to the Company regarding the possible need to restructure the Company, and has analyzed each of the strategic alternatives available to it, and the impact of the foregoing on the Company's business and its stakeholders;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

RESOLVED, that the officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Morgan Joseph & Co. Inc ("**Morgan Joseph**") as the Company's financial advisor and investment banker in connection with a possible sale of the assets of the Company, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Morgan Joseph;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Alvarez & Marsal ("**AM**") as the

Company's financial advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of AM;

RESOLVED, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company that the Company sell substantially all of its assets and, therefore, the Company is hereby authorized to enter into an asset purchase agreement to effectuate such sale on such terms that management determines will maximize value, and the Company is further authorized to file a motion to approve such sale and for any related relief, or to approve a sale to a higher and better bidder, and to close such sale, subject to Bankruptcy Court approval in the Company's chapter 11 proceeding;

RESOLVED, that the Authorized Officers of the Company be, and each of them hereby is, authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement;

RESOLVED, that any and all actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects; and

RESOLVED, that in connection with the commencement of the chapter 11 case by the Company, the Authorized Officers be and hereby are, authorized and empowered on behalf of, and in the name of, the Company, to negotiate, execute and deliver a cash collateral arrangement and/or debtor-in-possession loan facility and the related guarantees thereto (including, in connection therewith, such notes, security agreements and other agreements or instruments as such officers consider appropriate) on the terms and conditions such officer or officers executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company and any affiliates.

CHAMPION ENTERPRISES, INC.
DIRECTORS

_____        _____
Eric S. Belsky                    G. Michael Lynch


_____        _____
William C. Griffiths              Thomas A. Madden


_____        _____
Selwyn Isakow                     Shirley D. Peterson