IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE <u>DEBTORS IN THE ORDINARY COURSE OF BUSINESS</u>**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") move this Court for entry of an order authorizing the employment and compensation of certain professionals utilized in the ordinary course of the Debtors' businesses (the "Motion") on the terms set forth below. In support of this Motion, the Debtors respectfully state as follows:

**<u>Jurisdiction, Venue and Governing Law</u>**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

2. The statutory bases for the relief sought herein are sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

4. The Debtors and their non-debtor affiliates are leading producers of manufactured and modular housing, as well as modular buildings for government and commercial applications. The Debtors distribute these products through independent retailers, builders and developers. In addition to their manufacturing and other sale operations, Debtors also sell manufactured homes directly to certain manufactured home parks in California and transport their products from the factories to retailers.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Phyllis Knight, Chief Financial Officer of the Debtors, in Support of First Day Motions* (the "Knight Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

## The Debtors' Ordinary Course Professionals

6.  The Debtors customarily retain the services of attorneys, accountants, consultants, and other professionals to assist or advise on matters that arise in the ordinary course of the Debtors' business (each such professional an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals"). A list of the Ordinary Course Professionals utilized or expected to be utilized by the Debtors is attached as <u>Exhibit A</u> hereto.[2]

7.  Because the Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases,[3] but will provide services in connection with the Debtors' ongoing business operations, the Debtors do not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code. *See, e.g., In re That's Entm't Mkt'g Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgm't Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

---

[2] Exhibit A is separated into two parts, the first being those Ordinary Course Professionals that the Debtors expect to rely on during the pendency of these cases. The second part lists the Debtors' defense counsel in various civil actions pending throughout the country. Although the Debtors expect that these actions will be stayed, and thus expect that the associated defense costs will be limited, they seek permission to compensate these Ordinary Course Professionals to the extent that expenses are incurred with respect to these actions.

[3] To be clear, this list does not include any professionals relied on to conduct these chapter 11 cases (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be compensated and reimbursed only in accordance with procedures to be approved by this Court.

3

8. Although this means that judicial approval of their retention is not required *per se*, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these chapter 11 cases.

### Relief Requested

9. As stated above, the Debtors request the entry of an order by this Court pursuant to sections 105(a), 327, 328 and 330 authorizing: (a) the retention and employment of the Ordinary Course Professionals as needed without the submission of retention applications, and (b) procedures to compensate the Ordinary Course Professionals under sections 328, 330 and 331 of the Bankruptcy Code for work performed postpetition.

### Basis for Relief

10. The work of the Ordinary Course Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtors' estate. Even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a small fraction of the value of their estates, the Debtors cannot continue to operate as debtors in possession unless they have access to these professionals.

11. Given the necessity of these services, the delay associated with the application procedures applicable to bankruptcy professionals would hinder the Debtors' ongoing business operations. Further, some Ordinary Course Professionals may not be able to abide by such procedures, which will leave the Debtors looking for replacements. This will be costly to the Debtors insomuch as it would take these new professionals additional time to get

4

acquainted with the specifics of the Debtors' businesses, and may leave the Debtors paying these new professional higher rates for the same work.

12. An additional cost avoided by the relief sought is the cost of preparing retention and fee applications. This cost will be significant, and will be borne by the Debtors' estates. Moreover, *in seriatim* applications by each of these Ordinary Course Professionals will unnecessarily burden the Clerk's office, this Court and the U.S. Trustee.

13. By contrast, granting this motion will benefit the Debtors, their estates and creditors by providing cost-effective access to professionals with a past relationship with, and understanding of, the Debtors and their operations.[4] Accordingly, since it is in the best interest of all of the parties and the creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtors' businesses, this Motion should be granted.

**Proposed Retention Procedure**

14. The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Bankruptcy Rule 2014 and in order to provide the interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court and to serve upon (i) the Debtors' counsel, Pachulski Stang Ziehl & Jones LLP, at 919 North Market

---

[4] Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors with respect to prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, their creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code.

Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esquire); (ii) The Office of the United States Trustee, at 844 N. King Street, Wilmington, Delaware 19801; and (iii) counsel to any official committees appointed in these cases (collectively, the "Notice Parties"), a disclosure affidavit of such proposed professional (the "Affidavit") in the form attached hereto as Exhibit B on the later of: (i) thirty (30) days after entry of an order of this Court granting the Motion; or (ii) prior to the date such Ordinary Course Professional provides any services to the Debtors.

15. In every Affidavit, the Ordinary Course professional will provide: (a) a description of the effort(s) to search for connections with parties in interest; (b) a description of the services that the Ordinary Course Professional will provide; (c) the rate(s) they will charge; (d) all other information required by Federal Rule of Bankruptcy Procedure 2014; and (e) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began. The Debtors will not pay any Ordinary Course Professionals that fails to file such an Affidavit.

16. The Notice Parties will have ten (10) days from the date the Affidavit is filed and served (the "Objection Period") to object to the retention of that Ordinary Course Professional. Any such objection must be timely filed with this Court and served upon that professional, the Debtors, and the Notice Parties. Objections that cannot be resolved within twenty (20) days after service of such objection shall be adjudicated by this Court at a hearing

scheduled by the Debtors at a mutually convenient time.[5] If no timely objection is filed and received, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

17. The Debtors request that they be authorized to employ and retain Ordinary Course Professionals that are not currently listed on Exhibit A hereto without filing individual retention applications or the need for a further hearing by this Court so long as one or more supplements to Exhibit A (a "Supplemental Notice") are filed and served on the Notice Parties. The Debtors propose that, each Ordinary Course Professional added by a Supplemental Notice serve an Affidavit upon the Court and the Notice Parties on the later of: (a) thirty (30) days after the Supplemental Notice is filed; or (b) any date before the Ordinary Course Professional provides any services to the Debtors. The Notice Parties would then have ten (10) days after service to object to the Ordinary Course Professional's retention. Any objection will be handled pursuant to the procedures discussed above. If no objection is submitted, or the objection is withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

**Proposed Payment Procedure**

18. The Debtors seek authority to pay one hundred percent (100%) of each Ordinary Course Professional's fees and expenses upon submission of an appropriate billing statement, so long as it provides reasonable detail regarding the postpetition services rendered

---

[5] If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

without further order of the Court. As a routine matter prior to the commencement of these cases, the Debtors carefully reviewed all billing statements received from the Ordinary Course Professionals to ensure that the fees charged were reasonable and that the expenses incurred were necessary. This practice will continue postpetition and, coupled with the proposed monthly payment caps, will protect the Debtors' estates against excessive and improper billings.

19.     Indeed, such interim fees and expenses may not exceed the maximum under the authorized caps established herein. Further, the Debtors will not pay any fees and expenses to an Ordinary Course Professional unless (i) the professional has filed its Affidavit, (ii) the Objection Period has expired, and (iii) no timely objection is pending. Otherwise, if a timely objection is received, no payment will be made until such objection is (a) resolved and withdrawn, or (b) the retention is otherwise approved by the Court.

20.     The Debtors propose that they be permitted to pay fees and expenses up to $35,000.00 per calendar month to any Ordinary Course Professional without formal application to this Court. The aggregate monthly payments to all Ordinary Course Professionals shall limited to $200,000.00.

21.     If the fees and expenses of an Ordinary Course Professional exceed $35,000.00, that professional will be required to apply for approval of these expenses pursuant to sections 330 and 331 of the Bankruptcy Code; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $35,000.00, which will be credited to any payment ultimately allowed by the Court.

22. The Debtors will file payment summary statements with this Court within the thirty (30) days following March 31, June 30, September 30 and December 31 of each year these chapter 11 cases are pending, and will serve the same on the Notice Parties. These summary statements will include: (a) the name of each Ordinary Course Professional; (b) the aggregate amounts paid as compensation and reimbursement to each Ordinary Course Professional during the statement period; and (c) a brief statement of the type of service that professional rendered.

## Notice

23. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: to (i) the Office of the United States Trustee and (ii) the Debtors' prepetition and postpetition secured lenders or, in lieu thereof, to their counsel, if known. Following the first day hearing in this case, the Debtors will serve this motion on (a) creditors holding the 35 largest unsecured claims against the Debtors on a consolidated basis, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No prior request for the relief sought in this Motion has been made to this Court or any other court

9

DOCS_DE:152919.4

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated: November 15, 2009

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Mark M. Billion (Bar No. 5263)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302)652-4100
Facsimile: (302)652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       tcairns@pszjlaw.com
       mbillion@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession