IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

## ORDER AUTHORIZING DEBTORS TO (1) HONOR PREPETITION OBLIGATIONS PURSUANT TO THEIR CUSTOMER PROGRAMS AND (2) TO CONTINUE THE SAME IN THE ORDINARY COURSE OF BUSINESS

Upon the *Debtor's Motion for Entry of Order Authorizing Debtors to (1) Honor Prepetition Warranty and Sales Incentive Programs, and (2) Continue Warranty and Sales Incentive Programs in the Ordinary Course of Business* (the "Motion") of the debtors and debtors in possession in the above captioned chapter 11 case (the "Debtors");[2] and it appearing that the relief requested is essential to the continued operation of the Debtors' business and in the best interest of the Debtors' estates and creditors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O); and it appearing that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

adequate notice of the Motion having been given; and it appearing that no other notice is necessary; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors, in their business judgment, are authorized, but not required, to perform such of their prepetition obligations in regard to the Programs, in accordance with their normal prepetition procedures, as they deem appropriate so long as payments made based on prepetition obligations under these Programs do not exceed (i) $2,300,000 in Warranty payments, (ii) $50,000 in Extended Warranty pass throughs, and (iii) $9,300,000 in Incentives; and it is further

ORDERED that the Debtors are authorized to honor up to $3,000,000 in Customer Deposits; and it is further

ORDERED that the Debtors, in their business judgment, are authorized to continue, renew, replace, implement, and/or terminate such of the Programs as they deem appropriate, in the ordinary of business, without further application to the Court; and it is further

ORDERED that any payment or transfer made, or service rendered, by the Debtors pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights that any of the Debtors may subsequently have to dispute such obligation, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b), providing that "a motion to pay all or part of a claim that arose before the filing of the petition" shall not be

granted by the Court within 20 days of the Petition Date," and the corresponding notice requirements of Rule 6004 shall be waived. This Order shall be effective immediately; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

                                                   _____
                                                   United States Bankruptcy Judge