IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**ORDER (A) AUTHORIZING THE DEBTORS TO PAY CERTAIN
PREPETITION TAXES AND PREPETITION FEES AND (B) AUTHORIZING
AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR RELATED
CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the motion (the "Motion") of the above captioned debtors and debtors in possession (the "Debtors") for entry of an order (i) authorizing, but not requiring, the Debtors to remit and pay prepetition sales, use, and franchise taxes and certain other governmental charges as the Debtors, in their discretion, deem necessary, and (ii) authorizing the Debtors to collect from their customers and pay on their own behalf certain fees for licenses, permits, and other similar assessments, and (iii) authorizing financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made relating to the foregoing; and it appearing that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that such relief is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

necessary to avoid immediate and irreparable harm, meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to pay and remit Taxes and Fees as necessary to operate their businesses that the Debtors incur or collect in the ordinary course of business from their customers on behalf of the Taxing Authorities up to $562,000, provided however that the foregoing $562,000 cap shall not include payments made to satisfy additional prepetition tax liability that may later come due as a result of certain audits, where such obligations may be paid in full; and it is further

ORDERED that the Debtors may make all payments necessary to satisfy additional prepetition tax liability that may later come due as a result of certain audits; and it is further

ORDERED that all banks and other financial institutions on which checks were drawn or electronic payment requests were made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment; provided, however, that sufficient funds are available in the Debtors' bank accounts to cover such payments; provided, further, that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order; and provided, further,

that the aggregate amount of Taxes and Fees paid pursuant to this Order shall not exceed $562,000, absent express authorization by this Court, <u>provided</u> <u>however</u> that the foregoing $562,000 cap shall not include payments made to satisfy additional prepetition tax liability that may later come due as a result of certain audits, where such obligations may be paid in full; and it is further

ORDERED that the Debtors are authorized to reissue any check, electronic payment, or otherwise, which was drawn in payment of any prepetition amount that is not cleared by a depository; and it is further

ORDERED that nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the extent, validity, perfection or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim or (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor in possession financing facility, or any order regarding the use of cash collateral; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

_____
United States Bankruptcy Judge