# EXHIBIT B

**McElhinney Declaration**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

## DECLARATION OF DANIEL C. MCELHINNEY IN SUPPORT OF THE APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING THE RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC, AS NOTICING, CLAIMS AND BALLOTING AGENT AND APPROVING RELATED AGREEMENT

I, Daniel C. McElhinney, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the Executive Director of Epiq Bankruptcy Solutions, LLC ("Epiq") and I am authorized to make and submit this declaration on behalf of Epiq. This declaration is submitted in support of the Application of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for authorization to retain Epiq as official noticing, claims and balloting agent for their Chapter 11 cases ("Claims and Noticing Agent"), pursuant to 28 U.S.C. § 156(c) (the "Application"). The statements contained herein are based upon personal knowledge.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

2. Epiq is one of the country's leading Chapter 11 administrators with expertise in noticing, claims processing, balloting and distribution. Epiq is well qualified to provide the Debtors with experienced noticing, claims and balloting services in connection with these cases. Among the large Chapter 11 cases in which Epiq is or was retained, as noticing, claims and/or balloting agent to debtors include: *AFY Holding Company, et al.*, Case No. 08-12175 (Bankr. D. Del. Sept. 23, 2008); *WCI Communities, Inc., et al.*, Case No. 08-11643 (Bankr. D. Del. Aug. 4, 2008); *Ascendia Brands,Inc., et al.*, Case No. 08-11787 (Bankr. D. Del. Aug. 5, 2008); *In re Wickes Holdings, LLC*, Case No. 08-10212 (Bankr. D. Del. Feb. 5. 2008); *Buffets Holdings, Inc., et al.*, Case No. 08-10141 (Bankr. D. Del. Jan. 22, 2008); *Aegis Mortgage Corp., et al.*, Case No. 07-11119 (Bankr. D. Del. Aug 13. 2007); *American Home Mortgage Holdings, Inc., et al.*, Case No. 07-11047 (Bankr. D. Del. Aug. 6, 2007); *In re Amp'd Mobile, Inc.*, Case No. 07-10739 (Bankr. D. Del. June 29, 2007); *In re Advanced Marketing Services, Inc.*, Case No. 06-11480 (Bankr. D. Del. Jan. 3, 2007); *In re Premium Papers Holdco, LLC*, Case No. 06-10269 (Bankr. D. Del. Mar. 23, 2006); *In re Birch Telecom, Inc., et al.*, Case No. 05-12237 (Bankr. D. Del. Aug. 16, 2005); as well as *Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008); *Stone Barn Manhattan LLC, f/k/a Steve & Barry's Manhattan LLC, et al.*, Case No. 08-12579 (Bankr. S.D.N.Y. July 9, 2008); *In re Global Crossing Ltd., et al.*, No 02-40188 (Bankr. S.D.N.Y. Jan. 29, 2002); *In re Worldcom, Inc., et al.*, No. 02-13533 (Bankr. S.D.N.Y. July 25, 2002); and *In re Enron Corp., et al.*, No. 01-16034 (Bankr. S.D.N.Y. Jan 30, 2002), among others.

3. The Debtors selected Epiq to serve as the Claims and Noticing Agent for the Debtors' estates, as set forth in more detail in the Application filed contemporaneously herewith. To the best of my knowledge, neither Epiq nor any of its personnel have any relationship with the Debtors that would impair Epiq's ability to serve as Claims and Noticing Agent. Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims and noticing agent for another Chapter 11 debtor. To the best of my knowledge, such relationships are completely unrelated to these Chapter 11 cases. In addition, Epiq personnel may have relationships with some of the Debtors' creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to these Chapter 11 cases. Epiq has and will continue to represent clients in matters unrelated to these Chapter 11 cases. In addition, Epiq has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these cases.

4. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, Chapter 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a

3

conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

5. Epiq is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that Epiq and its personnel:

(a) are not creditors, equity security holders or insiders of the Debtors;

(b) are not and were not, within two years before the date of the filing of the Debtors' Chapter 11 petitions, directors, officers or employees of the Debtors; and

(c) do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or any investment banker for an outstanding security of the Debtors.

6. Epiq has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these Chapter 11 cases. If Epiq's proposed retention is approved by this Court, Epiq will not accept any engagement or perform any service for any entity or person other than the Debtors in these Chapter 11 cases. Epiq may, however, provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 cases or the Debtors.

7. Epiq represents, among other things, that:

(a) It will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Claims and Noticing Agent;

(b) By accepting employment in this bankruptcy case, Epiq waives any right to receive compensation from the United States government;

(c) In its capacity as Claims and Noticing Agent, Epiq will not be an agent of the United States and will not act on behalf of the United States; and

(d) Epiq will not employ any past or present employees of the Debtors in connection with its work as Claims and Noticing Agent.

8. Subject to the Court's approval, the Debtors have agreed to compensate Epiq for professional services rendered in connection with these Chapter 11 cases pursuant to the Standard Bankruptcy Services Agreement entered into by and between the Debtors and Epiq, a true and correct copy of which is attached as Exhibit A to the Application. Payments are to be based upon the submission to the Debtors by Epiq of a billing statement, which includes a detailed listing of services, expenses and supplies, at the end of each calendar month.

9. Prior to the Petition Date, on August 27, 2009, Epiq received a retainer in the amount of $30,000. In addition, on October 7, 2009 and on November 13, 2009, Epiq received additional retainers in the amount of $25,000 each.

10. Epiq will comply with all requests of the Clerk of the Court and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Daniel C. McElhinney
Executive Director
Epiq Bankruptcy Solutions, LLC