IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

### ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING AND APPROVING THE RETENTION OF AND APPOINTING EPIQ BANKRUPTCY SOLUTIONS, LLC, AS NOTICING, CLAIMS AND BALLOTING AGENT

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order pursuant to 28 U.S.C. § 156(c) and Del. Bankr. LR 2002-1(f) authorizing and approving the retention of Epiq Bankruptcy Solutions, LLC ("Epiq") by the Debtors and appointing Epiq as agent for the Clerk of the Bankruptcy Court, on the terms and conditions set forth in the Agreement by and between the Debtors and Epiq, pursuant to which Epiq will, at the request of the Debtors (with respect to all of the services listed below) or the Clerk (with respect to (ii) and (iii) below), among other things:

(i) maintain the list of the Debtors' creditors;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

[2] Capitalized terms not defined herein are given the meaning assigned to them in the Application.

(ii) be responsible for the mailing of the notice(s) of the commencement of cases and the deadline to file Proofs of Claim to all creditors of the Debtors and other notices;

(iii) serve as this Court's agent for the receipt and docketing of all proofs of claim filed against the Debtors;

(iv) provide the Debtors with consulting and computer software services and support for the effective organization, management and control of creditors' claims against the Debtors;

(v) provide balloting services in connection with a plan solicitation; and

(vi) provide such other services that may be requested by the Debtors as provided for in the Application;

And upon the Declaration of Daniel C McElhinney (the "McElhinney Declaration") in Support of the Application;

And the Debtors having estimated that there are approximately 1,600 creditors and other parties-in-interest in these Chapter 11 cases, many of whom are expected to file proofs of claim;

And it appearing that the docketing and maintenance of proofs of claim would be unduly time consuming and burdensome for the Office of the Clerk of the Bankruptcy Court (the "Clerk's Office");

And it appearing that pursuant to 28 U.S.C. § 156(c), the Court may utilize outside agents and facilities for the purpose of mailing, receiving, docketing, maintaining, photocopying and transmitting Proofs of Claim; and the Court being satisfied that Epiq has the capability and experience to mail proof of claim forms and to receive, docket and maintain such proofs of claim;

And it appearing pursuant to Del. Bankr. LR 2002-1(f) that due to the number of creditors, the Debtors are required to seek the retention of a notice and/or claims clerk;

And it appearing that notice of the Application has been given to (i) the office of the United States Trustee and (ii) all other required parties;

And it appearing that no other or further notice of the Application need be given;

And good and sufficient cause appearing therefor; it is

**ORDERED** that the Application is granted; and it is further

**ORDERED** that the Debtors are authorized to enter into the Agreement and to retain Epiq, *nunc pro tunc* to the Petition Date, to perform the services described in the Agreement as well as to receive the list of creditors and receive, maintain, record and otherwise administer and catalog any and all Proofs of Claim relating to these Chapter 11 cases; and it is further

**ORDERED** that Epiq is designated as the authorized recipient and repository for all Proofs of Claim as custodian for the Clerk's office, and Epiq is authorized to maintain as agent for the Clerk's office an official claims register, and to provide the Clerk's office with a certified duplicate thereof on a monthly basis; and it is further

**ORDERED** that the Clerk of the Bankruptcy Court is authorized to transmit to Epiq all Proofs of Claim heretofore filed in these Chapter 11 cases, and to transmit to Epiq, not less often than weekly, all Proofs of Claim hereafter received by the Clerk's office; and it is further

**ORDERED** that Epiq shall maintain a Claims Register which shall reflect in sequential order the claims filed in these Chapter 11 cases, specifying (i) the claim number,

(ii) the date such claim was received by the Clerk's office (if such claim was not time-stamped by the Clerk, then the date on which Epiq receives such claim shall be indicated), (iii) the name and address of the claimant and the agent, if any, that filed such proof of claim, (iv) the amount of said claim, and (v) the classification(s) of such claim (e.g., secured, unsecured, priority, etc.); and it is further

**ORDERED** that Epiq is authorized to perform all related tasks to process the Proofs of Claim and maintain a Claims Register, including, without limitation, recording transfers of claims; and it is further

**ORDERED** that paragraph 7.4 of the Agreement is qualified as follows:

(a) Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order;

and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement;

and it is further

**ORDERED** that upon the close of these Chapter 11 cases, Epiq shall return all Proofs of Claim received by it to the Clerk's office; and it is further

**ORDERED** that the Debtors are authorized to execute such documents, take such action and do such things as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that Epiq shall be authorized to perform such other tasks as the Debtors requested in the Application; and it is further

**ORDERED** that upon the receipt of reasonably detailed statements of expenses and charges, the Debtors are authorized and empowered to compensate Epiq without further

Court order for services rendered, plus reimbursement of all reasonable and necessary expenses incurred, in accordance with the Agreement; and it is further

**ORDERED** that this Court shall retain jurisdiction over any issues arising from the implementation or interpretation of this order.

Dated: _____, 2009

_____
United Stated Bankruptcy Judge