IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
RETENTION AND EMPLOYMENT OF MORGAN JOSEPH & CO. INC. AS
FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS AND
DEBTORS-IN-POSSESSION NUNC PRO TUNC TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby apply for an Order under §§ 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Morgan Joseph & Co. Inc.("Morgan Joseph") as financial advisor and investment banker to the Debtors as of the Petition Date (as defined below). The Debtors have relied on the declaration of James D. Decker, a copy of which is attached hereto as Exhibit A (the "Decker Declaration"). In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc.(3165); and Iseman Corp. (5899). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

## Jurisdiction

1. This Court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

4. The Debtors and their non-debtor affiliates are leading producers of manufactured and modular housing, as well as modular buildings for government and commercial applications. The Debtors distribute these products through independent retailers, builders and developers. In addition to their manufacturing and other sale operations, Debtors also sell manufactured homes directly to certain manufactured home parks in California and transport their products from the factories to retailers.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Phyllis Knight, Chief Financial*

*Officer of the Debtors, in Support of First Day Motions* (the "Knight Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

**Relief Requested**

6. By this application, the Debtors respectfully request entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code authorizing them to employ and retain Morgan Joseph as their financial advisor and investment banker as of the Petition Date on the terms set forth in the Engagement Letter (as defined below).

**Basis for Relief**

7. Under §§ 327 and 328 of the Bankruptcy Code, a trustee, debtor in possession and committee appointed under § 1102 of the Bankruptcy Code may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist such parties in carrying out their duties under the Bankruptcy Code. Section 328(a) provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

8. Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other

> party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. Proc. 2014.

9. By this Application, the Debtors request that the Court approve the compensation arrangements described in the Engagement Letter[2] pursuant to § 328(a) of the Bankruptcy Code. The compensation arrangements contained in the Engagement Letter inure to the benefit of the Debtors' estates as they provide the proper inducement for Morgan Joseph to act expeditiously and prudently with respect to the matters for which it will be employed.

A. **Necessity**

10. The Debtors executed an engagement letter with Morgan Joseph, dated as of November 10, 2009 (the "Engagement Letter"), a copy of which is attached to the Decker Declaration as <u>Exhibit 1</u>. The engagement will require Morgan Joseph to act as the Debtors' exclusive financial advisor and investment banker with respect to evaluating and pursuing a potential Restructuring, Financing Transaction, and/or Sale Transaction (each, a "Transaction").

11. Since its retention, Morgan Joseph has worked diligently on the matters for which it was engaged and, as a result, has become uniquely situated to assist the Debtors. The Debtors desire to continue to employ Morgan Joseph to act as the Debtors' financial advisor and investment banker postpetition because Morgan Joseph has substantial expertise in the restructuring of troubled companies and is well qualified to perform these services and represent the Debtors' interests in their Chapter 11 Cases. Absent the retention of Morgan Joseph as of the Petition Date, the Debtors will suffer immediate and irreparable harm because the services

---

[2] Capitalized terms not defined herein retain the meaning ascribed to them in the Engagement Letter.

provided by Morgan Joseph are necessary to an effective and efficient resolution of these bankruptcy cases.

**B.  Qualifications**

12. Morgan Joseph is an international investment banking/financial advisory firm, with an expertise in restructuring. Morgan Joseph has extensive experience advising corporations, creditor committees and acquirers in complex situations involving underperforming or unsuitably capitalized businesses facing difficult financing conditions, liquidity crises, out-of-court restructurings or bankruptcy proceedings. Its financial restructuring professionals apply expert technical, analytical and negotiating skills to structure transactions and resolve situations in which multiple stakeholders frequently have conflicting interests and objectives. Its senior level professionals provide hands-on advice throughout the process from the initial planning of the restructuring strategy through to the negotiation and execution of each transaction.

13. Over the past ten years, Morgan Joseph professionals have been involved with several significant bankruptcy proceedings, representing both debtors and creditor constituencies. Some notable transactions include: (i) the sale of the operating divisions of Friede Goldman Halter (NASDAQ: FGH), Friede Goldman Halter Inc., a $500 million designer and constructor of offshore drilling rigs, marine service vessels and heavy-lift marine cranes and mooring systems; (ii) the sale of Nellson Nutraceutical, Inc., a $250 million manufacturer or functional food products; the sale of Adventure Parks Group LLC, a $110 million operator of regional theme parks; (iv) advising the Steering Committee of Senior Secured Lenders of Tropicana Entertainment, LLC, a $2.3 billion casino and hotel operator; and (v) advising the Official Committee of Unsecured Creditors of GEO Specialty Chemical, a $250 million

chemical producer. Morgan Joseph professionals have significant experience in marketing distressed businesses, and have consummated over 40 sale transactions pursuant to Section 363 of the Bankruptcy Code.

C.  **Services To Be Rendered**

14.  Morgan Joseph is being retained to perform the following financial advisory and/or investment banking services, described below. These services are demarcated as "Phase One" and "Phase Two" services, as are described in the Engagement Agreement and summarized below:

**Phase One - Services**

15.  <u>Financial Advisory Services.</u> During Phase One, Morgan Joseph assisted and advised the Debtors with the analysis of the Debtors' business, business plan, and strategic and financial position; and assisted with the formulation, evaluation, implementation of various options for a restructuring, financing, reorganization, merger, or sale of the Debtors, or their assets or businesses. (Phase One service was completed as of June 22, 2009).

**Phase Two Services commenced on June 22 2009**

16.  <u>Phase Two Restructuring Advisory Services.</u> If the Debtors pursue a Restructuring Transaction (as defined in the Engagement Letter), Morgan Joseph will provide financial advisory services to the Debtors in connection with developing, and seeking approval for, a Restructuring Transaction; provide financial advisory services to Debtors in connection with the structuring of any new securities to be issued under the Plan; assist the Debtors in negotiations with creditors, shareholders and other appropriate parties-in-interest; and if necessary, participate in hearings before the bankruptcy court with respect to matters upon which

Morgan Joseph has provided advice, including coordinating with the Debtors' counsel with respect to testimony in connection therewith.

17. <u>Phase Two Financing Advisory Services.</u> If the Debtors pursue a Financing Transaction (as defined in the Engagement Letter), Morgan Joseph will, if necessary, assist in preparing a private placement memorandum for distribution and presentation to prospective Investors; assist in identifying and contacting prospective Investors as well as in soliciting indications of interest in a Financing Transaction among prospective Investors; assist in evaluating indications of interest received from prospective Investors; assist in negotiating the financial terms and structure of a Financing Transaction; provide other financial advisory service and investment banking services reasonably necessary to accomplish the foregoing and consummate a Financing Transaction; and if necessary, participate in hearings before the Court with respect to matters upon which Morgan Joseph has provided advice, including coordinating with the Debtors' counsel with respect to testimony in connection therewith.

18. <u>Phase Two Sale Advisory Services.</u> If the Debtors pursue a Sale Transaction (as defined in the Engagement Letter), Morgan Joseph will if necessary, assist in preparing an offering memorandum for distribution and presentation to prospective purchasers; assist in soliciting interest in a transaction among prospective purchasers; assist in evaluating proposals received from prospective purchasers; advise the Debtors as to the structure of the Sale Transaction, including the valuation of any non-cash consideration; assist in negotiating the financial terms and structure of a Sale Transaction; provide other financial advisory service and investment banking services reasonably necessary to accomplish the foregoing and consummate a Sale Transaction; and if necessary, participate in hearings before the bankruptcy court with

respect to matters upon which Morgan Joseph has provided advice, including coordinating with the Debtors' counsel with respect to testimony in connection therewith.

19. As compensation for these services, the Debtors have agreed to pay Morgan Joseph on the following terms:

20. <u>Phase One Fees.</u> The parties acknowledge that Morgan Joseph has received the sum of $75,000 for its Phase One Fees (the "Phase One Fees"). The Phase One Fees were fully earned upon payment and were paid prior to the Petition Date and thus no fees are owed with respect to Phase One.

21. <u>Phase Two Monthly Fees.</u> On the 22nd of each month, next commencing on November 22, 2009, and on each of the four next monthly anniversaries thereof during the term of this Agreement, the Debtors shall pay Morgan Joseph, without notice or invoice, a non-refundable cash fee of $150,000 per month (the "Monthly Fee"). Thereafter, no Monthly Fee shall be due to Morgan Joseph for the remainder of the term of the Engagement Letter, unless the process to achieve consummation of a Restructuring or Sale Transaction extends beyond March 22, 2010 for reasons beyond the control of Morgan Joseph, in which case Morgan Joseph shall receive a Monthly Fee of $50,000 per month throughout the balance of the term of the Engagement Letter. The Monthly Fees paid after the date of the Engagement Letter shall be the entire compensation to be received by Morgan Joseph throughout the balance of the term of the Engagement Letter, other than as expressly set forth in the Engagement Letter. One hundred per cent (100%) of the Phase Two Monthly Fees shall be credited against the Completion Fee (defined below).

22. <u>Phase Two Completion Fee.</u> Morgan Joseph shall be entitled to a completion fee (the "Completion Fee") as follows: (i) In the event tile Debtors consummate a Restructuring Transaction pursuant to a plan of reorganization under chapter 11 of tile Bankruptcy Code that receives the requisite votes for acceptances under the Bankruptcy Code by tile Debtors' senior secured lenders, the Debtors shall pay Morgan Joseph a fee equal to $1,500,000 subject to crediting as described in paragraph 21 above and section 2.B of the Engagement Letter (the "Restructuring Transaction Fee"), which Restructuring Transaction Fee shall become due and payable upon the effective date of any such plan.

23. If, whether or not in connection with the consummation of a Restructuring Transaction, the Debtors consummate a Sale Transaction, the Debtors shall pay Morgan Joseph a fee (the "Sale Transaction Fee") equal to two percent (2.0%) of the Aggregate Gross Consideration of the Sale Transaction, subject to crediting in accordance with paragraph 21 above and Section 2.B of the Engagement Letter. For the avoidance of doubt, (x) no such Sale Transaction Fee shall be payable on account of the non-going concern sale liquidation of any of the Debtors' assets, and (y) subject to clause Section 2.C (iii) of the Engagement Agreement, the Debtors shall pay the higher of the Restructuring Transaction Fee and Sale Transaction Fee but shall not be required to pay both a Sale Transaction Fee and a Restructuring Transaction Fee in the event the Debtors consummate a Sale Transaction pursuant to a plan of reorganization or liquidation.[3]

---

[3] In the event that the Debtors consummate a Sale Transaction pursuant to Section 363(k) of the Bankruptcy Code, then no Restructuring Transaction Fee shall be due and the Sale Transaction Fee shall be equal to $1,500,000, subject to the crediting in accordance with paragraph 21 above and Section 2.B of the Engagement Letter. These Fees shall be earned by Morgan Joseph and become immediately due and payable as a cost of the Transaction and shall be paid from the Sale Transaction proceeds concurrently with the closing of a Sale Transaction.

24. In addition to the fees described above, and regardless of whether or not any transaction is proposed or consummated, the Debtors have agreed to pay all reasonable out-of pocket expenses incurred by Morgan Joseph in the scope of this engagement, as well as the reasonable fees and expenses of its counsel incurred in connection with the enforcement of the terms of the Engagement Letter.

25. The overall compensation structure described above is comparable to compensation generally charged by financial advisors and investment banking firms of similar stature to Morgan Joseph for comparable engagements, both in and out of court. Morgan Joseph's restructuring expertise, as well as its capital markets knowledge, financing skills and mergers and acquisitions capabilities, some or all of which may be required by the Debtors during the term of Morgan Joseph's engagement, were important factors in Morgan Joseph's determination of the amount of its fees, and the Debtors believe that the ultimate benefit to the Debtors of Morgan Joseph's services hereunder cannot be measured merely by reference to the number of hours to be expended by Morgan Joseph's professionals in the performance of services.

E. **Conflicts**

26. To the best of the Debtors' knowledge, information, and belief, and based upon the Decker Declaration, Morgan Joseph is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

27. As described in detail in the Decker Declaration, Morgan Joseph has, among other things, searched its client databases to determine whether it represents, or has represented, certain of the Debtors' creditors or other parties in interest in these proceedings,

and/or matters wholly unrelated to these proceedings, and all potential associations are listed in the Decker Declaration. Due to the size of Morgan Joseph and the number of creditors and other parties in interest involved in these cases, however, Morgan Joseph may have represented certain of the Debtors' creditors or other parties in interest in matters wholly unrelated to these Chapter 11 Cases. Except as may be described in the Decker Declaration, Morgan Joseph does not, to its knowledge, represent any party with an interest materially adverse to the Debtors or these estates.

## No Prior Request

28. No prior request for the relief sought in this Application has been made to this or any other court.

## Notice

29. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: to (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders or, in lieu thereof, to their counsel, if known; and (iii) Morgan Joseph. Following the first day hearing in this case, the Debtors will serve this motion on Debtors will serve this motion on (a) creditors holding the 35 largest unsecured claims against the Debtors on a consolidated basis, or their legal counsel (if known); (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, based on the facts and disclosures above, the Debtors respectfully request:

a. authority to employ and retain Morgan Joseph as its financial advisor and investment banker as of the Petition Date;

b. that the Court approve the terms of employment set forth in the Engagement Letter, pursuant to the provisions of Bankruptcy Code § 327(a) and Bankruptcy Rule 2014;

c. that the Court approve the compensation of Morgan Joseph at the expense of the Debtors' estates on the terms set forth in the Engagement Letter, pursuant to the provisions of Bankruptcy Code § 328(a), and Bankruptcy Rule 2016;

d. that, in light of services to be provided by Morgan Joseph and the structure of Morgan Joseph's compensation pursuant to the Engagement Letter, Morgan Joseph be excused from maintaining time records with respect to the services to be rendered by Morgan Joseph in these cases; and

e. that the Court grant such other and further relief as is just and proper.

November 15, 2009

_____
Phyllis A. Knight
Chief Financial Officer