IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR AN ORDER PROVIDING THAT
ANY CREDITORS COMMITTEE APPOINTED IN THESE CASES
IS NOT REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL
INFORMATION OF THE DEBTORS OR TO PRIVILEGED INFORMATION**

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this motion (the "Motion") for entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing that any creditors committee appointed under section 1102(a) of the Bankruptcy Code in these cases (the "Creditors Committee" or the "Committee") is not required by section 1102(b)(3)(A) of the Bankruptcy Code to provide access to the Debtors' confidential and other non-public proprietary information, or any privileged information, to the creditors it represents. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

## Jurisdiction, Venue Governing Law

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code, and Bankruptcy Rule 9018.

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

4. The Debtors and their non-debtor affiliates are leading producers of manufactured and modular housing, as well as modular buildings for government and commercial applications. The Debtors distribute these products through independent retailers, builders and developers. In addition to their manufacturing and other sale operations, Debtors also sell manufactured homes directly to certain manufactured home parks in California and transport their products from the factories to retailers.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Phyllis Knight, Chief Financial*

*Officer of the Debtors, in Support of First Day Motions* (the "Knight Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

### Relief Requested

6. The lack of specificity in section 1102(b)(3)(A) creates significant issues because debtors often share various confidential and other non-public proprietary information with Committees (the "Confidential Information").[2] This information permits Committees to assess, among other things, a debtor's capital structure, the results of any revised operational changes, and a debtor's overall confirmation prospects. Because of the sensitive nature of this information, Creditors Committees typically execute confidentiality agreements or alike restricting the use of this information.

7. The effectiveness of such agreements would be eroded by any incorrect application of Section 1102(b)(3)(A) permitting creditors to demand Confidential Information notwithstanding such agreements. The effectiveness of such agreements, and the Committee more generally, would be further eroded by an application of this section that permitted a creditor to seek information that a Committee holds subject to the attorney-client privilege or

---

[2] For purposes of this Motion, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors or other agents, which are furnished, disclosed, or made known to the Creditors' Committee, whether intentionally or unintentionally and in any manner, including written form, orally, or through any electronic, facsimile or computer-assisted communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to a Creditors' Committee that the Debtors, their advisors, or its other agents indicate should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Creditors' Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (ii) was in the possession of the Creditors' Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

some other state, federal, or other jurisdictional law privilege (collectively, "Privileged Information").

8.  Consequently, the Debtors seek an order confirming that section 1102(b)(3)(A) of the Bankruptcy Code does not require any Creditors Committee appointed in these cases to provide the Debtors' Confidential Information to the creditors that it represents. Furthermore, the Debtors seek entry of an order clarifying that any Creditors Committee will not be required to provide access to Privileged Information to its constituents either. The relief requested herein will help ensure that confidential, privileged, proprietary and/or material non-public information will not be used to the detriment of the Debtors' estates, and therefore, to the detriment of its creditors.

**Basis for Relief**

9.  Section 1102(b)(3) of the Bankruptcy Code provides, in relevant part, that a Committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). This section's text offers no hint about how to go about providing such "access to information," and there is no relevant legislative history to use as a guide.

10. Because section 1102(b)(3)(A)'s directive to provide access to information comes without any guidelines as to the type, kind and extent of the information to be provided, it is this Court's obligation to enforce the provision in keeping with "the intention of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242-43 (1989). The Debtors submit that

granting their relief sought by this Motion would be in keeping with such intent because it comports with the legislative goal underlying the Bankruptcy Code as a whole – that being to see debtors effectively reorganized. It also harmonizes this section with the remainder of the Bankruptcy Code, for instance section 107(b)(1)'s requirement that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." *See* 17 C.F.R. §§243.100 to 243.103 (2005). Further, the Debtors submit that such relief is necessary to prevent harm to the Debtors or cause undue burden with respect to the reorganization process.

11. Accordingly, the Debtors ask that the Court follow well-established precedent and confirm that Creditors Committee is not required to provide access to its Privileged Information or to the Debtors' Confidential Information to the creditors it represents.[3] *See e.g., Hayes Lemmerz Int'l, Inc.*, (Case No. 09-11655) (MFW) (Bankr. D. Del. July 8, 2009); *In re Metromedia Steakhouses Company, L.P.*, (Case No. 08-12490) (MFW) (Bankr. D. Del. Nov. 18, 2008); *In re W. Nonwovens, Inc.*, Case No. 08-11435 (PJW) (Bankr. D. Del. July 14, 2008); *In re Global Motorsport Group, Inc.*, (Case No. 08-10192 (KJC) (Bankr. D. Del. Feb. 29, 2008).

## Notice

12. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: to (i) the Office of the United States Trustee and (ii) the

---

[3] Of course, the Creditors Committee would be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Creditors Committee.

Debtors' prepetition and postpetition secured lenders or, in lieu thereof, to their counsel, if known. Following the first day hearing in this case, the Debtors will serve this motion on (a) creditors holding the 35 largest unsecured claims against the Debtors on a consolidated basis, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully requests that this Court enter an order substantially in the form attached hereto and such other and further relief as this Court deems appropriate.

Dated: November 15, 2009

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Mark M. Billion (Bar No. 5263)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302)652-4100
Facsimile: (302)652-4400
Email: ljones@pszjlaw.com
  dbertenthal@pszjlaw.com
  tcairns@pszjlaw.com
  mbillion@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession