IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**ORDER PROVIDING THAT ANY CREDITORS COMMITTEE APPOINTED IN THESE CASES IS NOT REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OF THE DEBTORS OR TO PRIVILEGED INFORMATION**

This matter came before the Court on the *Motion of the Debtors for an Order Providing that Any Creditors Committee Appointed in These Cases is Not Required to Provide Access to Confidential Information of the Debtors or to Privileged Information* (the "Motion") filed by the above-captioned debtors and debtors in possession (the "Debtors").[2] The Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these Chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

[2] Capitalized term not defined herein retain the meanings ascribed by the Motion.

herein, and it appearing that the relief requested is in the best interests of the Debtors' estates, creditors, and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. No Creditors Committee appointed in these cases shall be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information to any creditor that it represents.

3. For the purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operation, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors or other agents, which is furnished, disclosed, or made known to the Creditors Committee, whether intentionally or unintentionally and in any manner, including written form, orally, or through any electronic, facsimile or computer related communication.

4. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Creditors Committee orally that the Debtors or their advisors or other agents advise the Creditors Committee should be treated as confidential.

5.  Notwithstanding the foregoing, Confidential Information shall not include any information that: (i) is or becomes generally available to the public or is or becomes available to the Creditors Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (ii) was in the possession of the Creditors' Committee Creditors Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

6.  No Creditors Committee shall be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor it represents.

7.  Nonetheless, any Creditors Committee appointed shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Creditors Committee.

8.  For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Creditors Committee or is a joint privilege with the Debtors or some other party.

9. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Creditors Committee to provide access or not to provide access to any information of the Debtor to any party except as explicitly provided herein.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

_____<br>United States Bankruptcy Judge