IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

## DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION PURSUANT TO SECTION 331 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in these bankruptcy cases hereby move (the "Motion") the Court for entry of an order (the "Order") establishing procedures for monthly compensation and reimbursement of expenses (collectively, the "Compensation") for professionals (the "Professionals") retained in these cases.

### Jurisdiction, Venue and Governing Law

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

4. The Debtors and their non-debtor affiliates are leading producers of manufactured and modular housing, as well as modular buildings for government and commercial applications. The Debtors distribute these products through independent retailers, builders and developers. In addition to their manufacturing and other sale operations, Debtors also sell manufactured homes directly to certain manufactured home parks in California and transport their products from the factories to retailers.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Phyllis Knight, Chief Financial Officer of the Debtors, in Support of First Day Motions* (the "Knight Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

## Relief Requested

6. Sections 105(a) and 331 of the Bankruptcy Code permit this Court to exercise discretion in determining the frequency of disbursements of professional fees and

expenses. In this case, the Debtors submit that an order providing for monthly compensation of professionals would constitute an appropriate exercise of discretion in this case.

7. Contemporaneously herewith, the Debtors have filed applications to retain Pachulski Stang Ziehl & Jones LLP as their bankruptcy counsel and Epiq Bankruptcy Solutions as their claims agent; the Debtors will likely also employ other professionals during these cases. With the probable involvement of Professionals for a statutory committee of unsecured creditors, the professional fee application and review process will be burdensome on the Debtors, the Professionals, and the Court. Implementation of compensation procedures (the "Compensation Procedures") will provide a less cumbersome means to handle these compensation demands while still allowing parties to monitor the monthly accrual of compensation for each Professional.

8. Except as otherwise provided by an order authorizing the retention of a particular Professional, the Debtors propose that the Court permit the Professionals to seek monthly payment of compensation in accordance with the following Compensation Procedures:

    a. On or about the 25th day of each calendar month, beginning with the first full month after the Petition Date, each Professional seeking interim compensation shall file with the Court an application (the "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on: (i) the Debtors, Champion Enterprises, Inc., 755 W. Big Beaver Road, Suite 1000, Troy, MI 48085, Attn: Roger K. Scholten, Esquire; (ii) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esquire; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal

Building, Room 2207, 844 North King Street, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esquire; and (iv) counsel for any official committee appointed in this case (collectively, the "Notice Parties"). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Third Circuit law, and the Local Rules of this Court;

b.  Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the fee applicant or the Debtors shall file a certificate of no objection with the Court after which the Debtors are authorized to pay each such Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application (the "Maximum Interim Payment"), and (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (c), below. The first such Monthly Fee Application shall cover the period from the Petition Date through November 30, 2009;

c.  If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (the "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties;

d.  Beginning with the fee and expense period ending January 31, 2010, at three month intervals, each of the Professionals must file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and

allowance, pursuant to Bankruptcy Code section 331, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such three month period (the "Interim Fee Period"). The Interim Fee Application must identify the Monthly Fee Applications that are the subject of the Request and any other information requested by the Court or required by the local rules. The Interim Fee Applications shall be filed with the Court and served on the Notice Parties within 45 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application on or before March 15, 2009 and the first Interim Fee Application should cover the Interim Fee Period from the Petition Date through January 31, 2010;

e. The Debtors shall request a hearing on the pending Interim Fee Applications at least every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate;

f. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise; and

g. Neither (i) the payment of or the failure to pay in whole or in part monthly interim compensation and reimbursement of expenses nor, (ii) the filing of or failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

9. The Debtors further request that (i) only the Notice Parties be entitled to receive the Monthly Fee Applications, the Interim Fee Applications and the notice of hearing thereon (the "Hearing Notice"), and (ii) all other parties who have filed a notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure be entitled to receive only the Hearing Notice. If any of these latter parties requests a copy of any of the fee applications, the Debtors will furnish that party with the requested copies at the Debtors' expense. This process allows all

interested parties to participate while eliminating undue duplication and mailing charges associated with lengthy fee applications.

10. The Debtors further request that each member of any committee appointed in the cases be permitted to submit statements of expenses (excluding fees and expenses of such committee member's counsel) and supporting documentation to counsel for such committee, who will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

11. The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, which will identify the amount paid to each of the Professionals.

12. The Compensation Procedures will relieve the burden on the Court while preserving rights of objection, which will enable the parties to closely monitor costs of administration.

## **Basis for Relief**

13. Pursuant to Bankruptcy Code section 331, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often, if the Court permits. Specifically, section 331 of the Bankruptcy Code provides in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

14. 11 U.S.C. § 331 Bankruptcy Code section 105(a) provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title...shall be construed to preclude the court from, sua sponte, taking any action to permit or making any determination necessary or appropriate to enforce or implement court orders or rules.

11 U.S.C. § 105(a).

15. Because these Compensation Procedures will reduce the burden imposed on the Court, enable parties-in-interest to monitor more closely Professional fees in the cases, and diminish undue financial burdens on the Professionals, the Debtors submit that approving the Compensation Procedures is in the best interests of the Debtors' estates, creditors, and other parties-in-interest.

16. Similar compensation procedures have been approved in similar situations nationwide. *See e.g. In re MagnaChip Semiconductor Fin. Co.,* Case No. 09-12008(PJW) (Bankr. D. Del July 9, 2009); *In re Monaco Coach Corp.,* Case No. 09-10750(KLC) (Bankr. D. Del April 7, 2007); *In re Progressive Molded Prods Inc.,* Case No. 08-11253 (KJC) (Bankr. D. Del. June 20, 2008); *In re Tropicana Entm't, LLC,* Case No. 08-10856 (KJC) (Bankr. D. Del. May 5, 2008); *In re Sharper Image Corp.,* Case No. 08-10322 (KG) (Bankr. D. Del. Feb. 19, 2008); *In re Lillian Vernon Corp.,* Case No. 08-10323 (BLS) (Bankr. D. Del. Feb. 20, 2008); *In re Buffets Holding, Inc.,* Case No. 08-10141 (MFW) (Bankr. D. Del. Jan. 22, 2008).

17. In keeping with this past precedent and for the foregoing reasons, the Debtors submit that its proposed Compensation Procedures should be approved.

## Notice

18. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: to (i) the Office of the United States Trustee and (ii) the Debtors' prepetition and postpetition secured lenders or, in lieu thereof, to their counsel, if known. Following the first day hearing in this case, the Debtors will serve this motion on (a) creditors holding the 35 largest unsecured claims against the Debtors on a consolidated basis, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19. No previous Motion for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form filed herewith, granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

Dated: November 15, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Mark M. Billion (Bar No. 5263)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302/652-4100
Facsimile: 302/652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
tcairns@pszjlaw.com
mbillion@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession