IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

**ORDER GRANTING MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING PAYMENT IN THE ORDINARY COURSE OF (I) SECTION 503(b)(9) CLAIMS AND (II) CERTAIN OBLIGATIONS FOR THE POSTPETITION DELIVERY OF GOODS AND SERVICES**

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession for an Order Authorizing Payment Claims in the Ordinary Course of (I) Section 503(b)(9) Claims and (II) Certain Obligations for the Postpetition Delivery of Goods and Services (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Court having reviewed the Motion and the Knight Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"), the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion

this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion and the Hearing was sufficient under the circumstances, after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates, and their creditors, and good and sufficient cause having been shown,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not required, to pay amounts owed for the 503(b)(9) Claims in the ordinary course of business as and when they come due in an amount not to exceed $6,616,000.

3. The Debtors are authorized, but not required, to pay any and all undisputed obligations to the Suppliers incurred in the ordinary course of the Debtors' business under Purchase Orders arising from (a) shipments of goods delivered to and requested and accepted by the Debtors on and after the Petition Date and (b) provision of services to the Debtors on and after the Petition Date at the Debtors' request.

4. At their discretion, the Debtors are authorized to require each 503(b)(9) Claimant and/or Supplier to agree to (a) continue to supply goods and services to the Debtors post petition on trade terms substantially similar or better than those provided to the Debtors prior to the Petition Date, (b) execute a written acknowledgement that provides that any future purchase orders will be subject to the agreed trade terms, (c) remove any mechanics' liens,

possessory liens, or similar state law trade liens obtained from the 503(b)(9) Claims and/or Purchase Orders, (d) submit to the Court's jurisdiction in resolving all disputes arising under or related to the payment of the 503(b)(9) Claim or Purchase Order, and (e) certain other provisions as agreed between the Debtors and each 503(b)(9) Claimant or Supplier.

5. The Debtors may demand the repayment of the 503(b)(9) Claim and/or Purchase Order without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise if, following receipt of payment of its 503(b)(9) Claim and/or Purchase Order, a 503(b)(9) Claimant or Supplier refuses to supply goods and services in accordance with the agreed trade terms.

6. Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order: (a) shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the 503(b)(9) Claimants and Suppliers, including the Debtors' rights to: (i) cancel any Purchase Order, (ii) decline the acceptance of goods and services, (iii) return any defective, nonconforming or unacceptable goods, or (iv) contest the amount of any invoice or claim on any grounds; or (b) may be construed to: (i) be a promise or guarantee of payment of any claim or group of claims or (ii) modify, create or expand any rights of the Suppliers or 503(b)(9) Claimants under the Bankruptcy Code or otherwise.

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

8. This Order shall be immediately effective and enforceable upon its entry. To the extent it may be applicable, the ten-day stay imposed by the Bankruptcy Rule 6004(h) is hereby waived.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

_____
United States Bankruptcy Judge