IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| | ) | (Proposed Jointly Administered Cases) |
| Debtors. | ) | |

**ORDER UNDER 11 U.S.C. §§105(A), 361, 362, 363 AND 364 AND FED. R. BANKR. P. 6004(A) FOR AN ORDER AUTHORIZING: (I) CONTINUATION OF WORKERS' COMPENSATION, LIABILITY, PROPERTY, AND OTHER INSURANCE PROGRAMS AND PAYMENT OF ALL POLICY PREMIUMS AND BROKERS' FEES IN RESPECT THEREOF AND (II) CONTINUATION OF INSURANCE PREMIUM FINANCING PROGRAMS AND PAYMENT OF INSURANCE PREMIUM FINANCING OBLIGATIONS IN CONNECTION THEREWITH**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") seeking entry of an order under 11 U.S.C. §§ 105(a) and 363(b) and rule 6004(a) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing, but not requiring, the Debtors to (i) continue workers' compensation, liability, property and other insurance programs and pay all policy premiums, brokers' fees and other obligations arising thereunder or in connection therewith, including all such obligations arising prepetition in the ordinary course of business, and (ii) continue insurance premium financing programs, all as more fully set forth in the Motion; and the Court having found that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that the relief requested is proper under 11 U.S.C. §§ 105, 361, 362, 363 and 364; and the Court having found that the relief requested in the motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having found that such relief is necessary to avoid immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and the Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The Debtors are authorized and empowered to maintain the Insurance Programs without interruption, on the same basis, and in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' Chapter 11 Cases.

3. The Debtors are authorized, but not required, to pay all premiums, claims, deductibles, excess payments, retrospective adjustments, settlement costs, insurance broker fees, and all other Insurance Obligations including those Insurance Obligations that were due and payable or related to the period prior to the commencement of these Chapter 11 Cases.

4. The Debtors are authorized to (a) continue, in the ordinary course of business, their insurance premium financing programs and (b) pay their regular monthly

installment payments of $133,514.08 under the First Insurance Financing Agreement and (c) pay their regular monthly installment payments of $97,408.34 under the APF Financing Agreement as the same become due in the ordinary course of business.

5.  The Debtors' banks are authorized to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or inter-company transfer requests issued by the Debtors in respect of any Insurance Obligations, whether pre or postpetition.

6.  Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Workers' Compensation Program, Liability Insurance Programs, Automobile Insurance Programs, Miscellaneous Programs, D&O Programs, Property Insurance Programs or any other Insurance Program.

7.  To the extent any Insurance Program or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption of those Insurance Programs or related agreements under section 365 of the Bankruptcy Code.

8.  The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or any order regarding the use of cash collateral.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

_____
United States Bankruptcy Judge