IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

## APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS AUDITORS FOR THE DEBTORS AND DEBTORS IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") submit this application for an order authorizing the employment and retention of Ernst & Young LLP ("Ernst & Young") as auditors for the Debtors on the terms set forth in the Engagement Letter of October 2, 209, and its various annexes, attached hereto as Exhibit A (collectively the "Engagement Letter") to the *Affidavit of Pamela S. Hershberger In Support of the Application for Order Authorizing Retention and Employment of Ernst & Young LLP as Auditors for the Debtors and Debtors in Possession and Statement Pursuant to Federal Rule of Bankruptcy Procedure 2014(A) and 327(A) of the Bankruptcy Code Nunc Pro Tunc to the Petition Date* (the "Hershberger Affidavit"), a copy of which is attached hereto as part of Exhibit 1, and respectfully represents and sets forth as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

## Jurisdiction

1. The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and this application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 327(a).

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

4. The Debtors and their non-debtor affiliates are leading producers of manufactured and modular housing, as well as modular buildings for government and commercial applications. The Debtors distribute these products through independent dealers, builders and developers. In addition to their manufacturing and other sale operations, Debtors also sell manufactured homes directly to certain manufactured home parks in California and transport their products from the factories to dealers.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Phyllis Knight, Chief Financial*

*Officer of the Debtors, in Support of First Day Motions* (the "Knight Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

## Relief Requested

6. The Debtors desire to retain and employ Ernst & Young as their auditors, pursuant to section 327(a) of the Bankruptcy Code, to perform auditing services as summarized herein and consistent with the terms and conditions of the Engagement Letter. The Debtors further request that the Court authorize Ernst & Young's retention *nun pro tunc* to Petition Date.

## Ernst & Young's Qualifications

7. Ernst & Young has rendered auditing services to the Debtors for several years. As a result of this previous employment by the Debtors, Ernst & Young has considerable knowledge concerning the Debtors and is already familiar with the Debtors' business affairs to the extent necessary to provide the services set forth in the Engagement Letter. Such experience and knowledge will be valuable to the Debtors in their efforts to reorganize.

8. Ernst & Young has significant qualifications and experience in performing the work described in these documents. The firm's experience in auditing matters is widely recognized, and it regularly provides such services to large and complex business entities. Moreover, Ernst & Young has extensive experience in delivering auditing consulting services in chapter 11 cases, and the Debtors believe that it is well-qualified and able to provide auditing services in a cost-effective, efficient, and timely manner.

## Scope of Services

9.  Before the Petition Date, Ernst & Young functioned as the Debtors' auditors, and postpetition, Ernst & Young will perform the services called for, and set forth in, the Engagement Letter.[2]

## Ernst & Young's Disinterestedness

10. The Debtors understand and believe that, based upon the Debtors' review of the Hershberger Affidavit and except as may otherwise be set forth therein, Ernst & Young is a disinterested person as defined in section 101(14) of the Bankruptcy Code.

## Payment of Fees and Expenses

11. The Debtors understand that Ernst & Young intends to apply to the Court for allowance of compensation and reimbursement of expenses for services performed for the Debtors in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, the guidelines established by the U.S. Trustee and orders of this Court. The hourly rates, subject to periodic adjustments, and fees charged by Ernst & Young professionals anticipated to provide services to the Debtors pursuant to this application are as set forth in the Engagement Letter.

12. The terms and conditions of the Engagement Letter were negotiated by the Debtors and Ernst & Young at arm's length and in good faith. The Debtors respectfully submit that the proposed terms of engagement set forth in the Engagement Letter are reasonable and in the best interests of the Debtors, their estates and creditors.

---

[2] To the extent that the summary of terms herein differs from the Engagement Letter, then terms of the Engagement Letter shall control.

## Notice

13.  Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: to (i) the Office of the United States Trustee and (ii) the Debtors' prepetition and postpetition secured lenders or, in lieu thereof, to their counsel, if known. Following the first day hearing in this case, the Debtors will serve this motion on Debtors will serve this motion on (a) creditors holding the 35 largest unsecured claims against the Debtors on a consolidated basis, or their legal counsel (if known); (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002.

## No Prior Request

14.  No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors request that this Court enter an Order, substantially in the form attached hereto as Exhibit 2, (i) authorizing the Debtors to retain and employ Ernst & Young as their auditors *nun pro tunc* to the Petition Date and (ii) granting the Debtors such other and further relief as it deems just and proper.

November 15, 2009

_____
Phyllis A. Knight
Chief Financial Officer

5