## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Champion Enterprises, Inc., et al.,[1] | : | Case No. 09-14019 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---------------------------------------------------x    **Related Docket Nos. 24 and 50**

### SECOND INTERIM ORDER (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING UNDER 11 U.S.C.§§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) AND 364(e) AND (B) TO UTILIZE CASH COLLATERAL UNDER 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES UNDER 11 U.S.C. §§ 361, 362, 363 AND 364, AND (III) ADJOURNING FINAL HEARING UNDER BANKRUPTCY RULE 4001(b) AND (c)

Upon the motion (the "**Motion**"), dated November 15, 2009, of Champion Enterprises, Inc. and its affiliated debtors, each as a debtor and debtor-in-possession (together with the Borrower, the "**Debtors**"), in the above-captioned cases (the "**Cases**") under sections 105, 361, 362, 363(b), 363(c)(2), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the corresponding local rules of this District (the "**Local Rules**") seeking, among other things, authorization for Champion Home Builders Co. (the "**Borrower**") to obtain postpetition

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

financing (the "**Financing**"), and for each of the other Debtors to guaranty the Borrower's

obligations in connection with the Financing; and this Court having held an emergency interim

hearing (the "**First Interim Hearing**") on the Motion to consider entry of the interim order

(Docket No. 50, the "**First Interim Order**")[2] on November 17, 2009; and, after considering the

Motion and the arguments and evidence presented at the First Interim Hearing, the Court having

entered the First Interim Order on November 17, 2009; and the First Interim Order having

scheduled a Final Hearing on the Motion for December 10, 2009; and the Debtors having served

notice of the Motion and the initial scheduled date of the Final Hearing in the manner as

provided in the First Interim Order; and such notice being appropriate under the circumstances,

and as required under sections 102(1), 363 and 364 of the Bankruptcy Code, Bankruptcy Rule

4001(b) and Local Rule 4001-2; and the Final Hearing on the Motion having been adjourned to

December 18, 2009, and the Debtors having served notice of such adjournment and the

adjourned date of the Final Hearing upon all parties entitled to receive such notice; and the

official committee of unsecured creditors appointed in these cases (the "**Committee**") having

filed an objection (the "**Committee Objection**") to the Motion on December 16, 2009; and the

Debtors, the DIP Agents and the Committee having agreed (a) to further adjourn the Final

Hearing until January 6, 2010 at 4:00 p.m., (b) subject to this Court's approval and entry of this

Order (the "**Second Interim Order**") and the terms and provisions hereof and the First DIP

Amendment (as defined below) and the DIP Documents, to increase the Borrower's

authorization, on an interim basis, to borrow under the DIP Documents by up to an additional

aggregate principal amount not to exceed $5 million in New Money Loans (subject to any

---

[2]    All capitalized terms used but not defined herein have the meanings ascribed to such terms in the First
Interim Order.

limitations on borrowings under the DIP Credit Agreement), and a corresponding amount of Roll-Up Loans in an amount equal to any such additional New Money Loans, and (c) other related relief as stated on the record of the Second Interim Hearing; and this Court having held a second hearing (the "**Second Interim Hearing**") on December 18, 2009 to consider the foregoing request; and after considering all the pleadings filed with this Court, including the Committee Objection; and upon the record made by the Debtors at the First Interim Hearing and the Second Interim Hearing; and upon the full record of these cases; and after due deliberation and consideration and sufficient cause appearing thereof;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.    *Disposition*. The Motion (to the extent of the relief sought as stated on the record of the Second Interim Hearing) is granted on an interim basis on the terms set forth herein. Any objections to such interim relief, and any reservations of rights with respect to such interim relief, that have not been previously resolved or withdrawn are overruled on the merits. This Second Interim Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2.    *Jurisdiction and Venue*. This Court has jurisdiction over the Cases and the Motion as a core proceeding, and over the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. No request has been made for the appointment of a trustee or examiner.

3.    *Notice*. Under the circumstances, the notice given by the Debtors of the Motion, the First Interim Hearing and the Second Interim Hearing constitutes appropriate, due and sufficient notice thereof and complies with sections 363 and 364 of the Bankruptcy Code, Bankruptcy Rules 4001(b) and (c) and the Local Rules.

- 3 -

4.    *Additional Interim Financing.*  The DIP Lenders are hereby authorized to make available to the Debtors, and the Borrower hereby is authorized to borrow (and the Guarantors to guaranty), on an interim basis, up to an additional aggregate amount of $5 million of New Money Loans, and a corresponding amount of Roll-Up Loans in an amount equal to any such New Money Loans, beyond the amount authorized by the First Interim Order (collectively, such additional financing, the "**Second Interim Financing**"), pursuant and subject to the terms of the DIP Documents, including that certain first amendment to the DIP Credit Agreement, in substantially the form annexed hereto as Exhibit A (the "**First Amendment**"); provided that the Debtors only shall be entitled to request such additional New Money Loans if, at the time of any such request made in accordance with the DIP Documents, the Borrower certifies in writing to the DIP Agents and the Committee, on or within two (2) business days prior to the requested advance, that such borrowing is necessary and required in the Debtors' reasonable business judgment.

5.    *Findings Regarding the Financing.*

(a) Good cause has been shown for the entry of this Second Interim Order.

(b) The Debtors have an immediate need to obtain entry of this Second Interim Order. The access of the Debtors to sufficient working capital and liquidity through the continued use of Cash Collateral, the incurrence of new indebtedness for borrowed money and other financial accommodations is vital to the preservation and maintenance of the going concern values of the Debtors and to the Debtors' restructuring efforts.

(c) The Debtors are unable to obtain financing on more favorable terms from sources other than the DIP Lenders under the DIP Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative

- 4 -

expense.  The Debtors are also unable to obtain secured credit allowable under sections

364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without (i) the Debtors granting to

the DIP Agents and the DIP Lenders, subject to the Carve Out, the DIP Liens and the

Superpriority Claims as set forth in the First Interim Order, this Second Interim Order and the

DIP Documents and (ii) the Roll-Up Loans being afforded the priority and treatment set forth in

the First Interim Order, herein and in the DIP Documents.

(d)  Based on the record presented to the Court at the Second Interim Hearing, the

terms of the Second Interim Financing, including the Roll-Up Loans authorized hereby, and the

continued use of the Prepetition Collateral, including the Cash Collateral, are fair and reasonable,

reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties

and constitute reasonably equivalent value and fair consideration.

(e)  The Second Interim Financing and the continued use of Prepetition Collateral,

including the Cash Collateral, has been negotiated in good faith and at arm's length among the

Debtors, the DIP Agents, the DIP Lenders and the Prepetition Administrative Agent, and all DIP

Obligations (including those incurred with respect to the Second Interim Financing) shall be

deemed to have been extended by the DIP Agents and the DIP Lenders and their affiliates in

good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance

upon the protections offered by section 364(e) of the Bankruptcy Code, and shall be entitled to

the full protection of section 364(e) of the Bankruptcy Code in the event that this Second Interim

Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

(f)  The Debtors have requested immediate entry of this Second Interim Order

pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and the Local Rules.  Incurrence of the

Second Interim Financing and authorization of the continued use of the Prepetition Collateral,

including the Cash Collateral, in accordance with this Second Interim Order and the DIP Documents is in the best interests of the Debtors' estates.

6.    *Authorization of the Financing and the DIP Documents.*  The Borrower is hereby authorized to borrow and incur the Second Interim Financing pursuant to the DIP Credit Agreement and the First DIP Amendment, and the Guarantors are hereby authorized to guaranty such borrowings and indebtedness, up to an additional aggregate principal or face amount of $5 million in New Money Loans beyond that authorized by the First Interim Order, and a corresponding amount of Roll-Up Loans in an amount equal to any such additional New Money Loans, plus interest, fees and other expenses and amounts provided for in the DIP Documents and First DIP Amendment, in accordance with the terms of this Second Interim Order, the DIP Documents and the First DIP Amendment.

7.    *The IRB Authorization.*  The Debtors are hereby authorized to use the financing available under the DIP Documents for the purpose of making regular monthly payments (i) of rent (to the extent not otherwise permitted under section 365(d)(3) of the Bankruptcy Code) under the lease agreement associated with the Variable Rate Demand Industrial Development Revenue Bonds, Series 1999, dated as of June 1, 1999, and (ii) of interest under the loan agreement associated with the Industrial Development Authority of the County of Maricopa Revenue Bonds (Redman Homes, Inc. Project) Series 1999, dated as of April 1, 1999 (collectively, "**IRBs**").  The Debtors' obligations under the IRBs are secured by certain Synthetic Letters of Credit issued under (and as defined in) the Prepetition Credit Agreement and, absent timely payment by the Debtors, the beneficiaries of such letters of credit may seek to draw upon the letters of credit.  The Debtors are authorized to make such monthly payments commencing November 2009 in the approximate, aggregate monthly amount of $4,500 (subject to and as

- 6 -

otherwise permitted under the DIP Approved Budget).

8.    *The Challenge Date.*  The Challenge Date referenced in paragraph 21 of the First Interim Order is hereby extended to February 8, 2010.

9.    *Committee Investigation.*  References in paragraphs 10(d) and 23 in the First Interim Order shall be replaced with $100,000.

10.    *Reservation of Committee's Rights.*  Entry of this Second Interim Order, including the Roll-Up Loans authorized hereunder, shall be without prejudice to the Committee's rights under paragraph 21 of the First Interim Order.

11.    *Final Hearing.*  The Final Hearing is hereby adjourned to January 6, 2010 at 4:00 p.m. (Eastern) before this Court.

12.    *First Interim Order Incorporated by Reference.*  Except as otherwise expressly provided herein, all findings, terms, provisions, authorizations and approvals of the First Interim Order (including, but not limited, the granting of liens and claims to and/or in favor of the DIP Agents, the DIP Lenders, the Prepetition Agents and the Prepetition Lenders under the First Interim Order (collectively, the "**Lenders**")):  (a) shall remain in full force and effect and shall not be affected by the entry of this Second Interim Order (provided, however, that the DIP Collateral Agent shall not be granted DIP Liens on the Debtors' interest in that certain *Lease No. B-GR-235* dated September 30, 1998 (as amended) by and between Lone Butte Industrial Development Corporation, a corporation chartered by the Gila River Indian Community, as lessor, and Redman Homes, Inc., a Delaware corporation, as lessee (the "**Lone Butte Lease**"); provided further, that the DIP Collateral Agent shall be granted DIP Liens on any proceeds of the Debtors' interest in the Lone Butte Lease in the event of any proposed assumption, assignment or sale by the Debtors of such interests in the Lone Butte Lease); (b) are incorporated herein by

- 7 -

reference in their entirety; and (c) shall provide the Lenders, with respect to the Second Interim Financing, all of the rights, claims, privileges and protections afforded to each and all of them under the First Interim Order with respect to the financing authorized thereby as if made equally applicable to the Second Interim Financing authorized hereby.

13.    *Retention of Jurisdiction.*  The Court shall have exclusive jurisdiction with respect to any and all disputes or matters under, or arising out of or in connection with, either the Financing, the DIP Documents or this Second Interim Order.

Dated: December 18 , 2009

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

- 8 -