IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 28** |

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS AUDITORS FOR THE DEBTORS AND DEBTORS IN POSSESSION AND STATEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(A) AND SECTION 327(A) OF THE BANKRUPTCY CODE NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application")[2] of the Debtors for entry of an order, pursuant to section 327(a) of the Bankruptcy Code and Fed. R. Bankr. Proc. 2014(a), authorizing the employment and retention of Ernst & Young LLP ("Ernst & Young") as auditors to the Debtors, as more fully set forth in the Application; and upon consideration of the Affidavit of Pamela S. Hershberger, a copy of which is attached to the Application as Exhibit 1; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Application having been given, and it appearing that no other or further notice need be provided; and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

Court having determined that (i) Ernst & Young holds no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, (ii) Ernst & Young is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that (iii) Ernst & Young's employment is necessary and would be in the best interest of the Debtors' estates, their creditors and other parties-in-interest, and that such relief is necessary to avoid immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Application is GRANTED; and it is further

ORDERED that the Debtors' employment and retention of Ernst & Young as auditors is approved pursuant to section 327(a) of the Bankruptcy Code, as requested in the Application, and pursuant to the terms of the Engagement Letter effective *nun pro tunc* to the Petition Date.

ORDERED that Ernst & Young shall apply for compensation for services rendered and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Delaware, the guidelines established by the office of the United States Trustee, any applicable orders of this Court, and such other procedures as may be established by this Court; and it is further

ORDERED that notwithstanding the possible applicability of Fed R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the requirements set forth in Del. Bankr. LR 9013-1 and 9013-2 regarding the form and scope of requests for relief are hereby deemed satisfied by the contents of the Application or otherwise waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: December 18, 2009

The Honorable Kevin Gross
United States Bankruptcy Judge