IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: :
:
CHAMPION ENTERPRISES, INC., et al.,[1] :   Chapter 11
: Case No.: 09-14019 (KG)
: (Jointly Administered)
Debtors. : Hearing Date: January 19, 2010 at 4:00 p.m. (EST)
: Objection Deadline: January 12, 2010 at 4:00 p.m. (EST)

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 30, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Champion Enterprises, Inc. ("Champion") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Company") in the above-captioned chapter 11 cases, hereby submit this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), authorizing the employment and retention of Chanin Capital Partners, LLC, ("Chanin") as financial advisors to the Committee, *nunc pro tunc* to November 30, 2009. In support of this Application, the Committee submits the Declaration of Robert Nabholz in Support of Application for Order Authorizing Employment of Chanin Capital Partners as

---

[1] The debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North America Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

Financial Advisors for the Official Committee of Unsecured Creditors *nunc pro tunc* to November 30, 2009 (the "Chanin Declaration"), attached hereto as Exhibit A. In further support of the Application, the Committee respectfully states as follows:

1. On November 15, 2009 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On November 30, 2009, the Office of the United States Trustee appointed the Committee, consisting of: (1) Textron Financial Corporation; (2) Wells Fargo Bank, N.A.; (3) Highbridge International LLC; (4) Citadel Equity Fund Ltd. and (5) BlueLinx Corporation.

3. On November 30, 2009, the Committee decided to retain Chanin as its financial advisors.

4. The Committee seeks to employ Chanin as its financial advisors in connection with this Chapter 11 Cases *nunc pro tunc* to November 30, 2009. Chanin has assisted and advised numerous committees, trustees, secured creditors, debtors, and other constituencies in the Chapter 11 process and is experienced in analyzing and testifying regarding corporate restructuring issues and measuring the economics of any potential merger and acquisition transactions.

6. Pursuant to 11 U.S.C. §§ 328 and 1103(b), the Committee requests that the Court approve the employment of Chanin as the Committees' financial advisors. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. Chanin's experience makes it qualified to do the work in this case.

7. The Committee anticipates that Chanin may render the following services in this case:

(a) Review and analyze the Company's operations, financial condition, cash flows, business plan, strategy, and operating forecasts;

(b) Assist in the determination of an appropriate go-forward capital structure for the Company;

(c) Determine a theoretical range of values for the Company on a going concern basis;

(d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization (the "Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

(e) Assist the Committee in monitoring any sales process and evaluating bids to purchase the Company;

(f) Analyze any merger, divestiture, joint-venture, or investment transaction;

(g) Assist the Committee in analyzing any anew debt and/or equity capital including debtor-in-possession funding (including advice on the nature and terms of new securities);

(h) Provide testimony, as necessary, before the bankruptcy court; and

(i) Provide the Committee with other appropriate general restructuring advice and litigation support.

8. Subject to this Court's approval, Chanin is willing to serve as the Committee's financial advisors and to perform the services described above. Chanin will seek compensation

for its services on a monthly flat fee basis, in accordance with the Engagement Letter attached as Exhibit B. Chanin will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Chanin will record its time in increments of 1/10 of one hour.

9. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Notwithstanding the foregoing, Chanin intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court. The Committee requests that Chanin be authorized to file its fee applications in accordance with the streamlined time recording format outlined above.

10. The Committee, subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules and Orders of the Court, proposes to pay Chanin a flat monthly fee of $150,000 and a restructuring transaction fee of $450,000 as set forth in the Declaration of Robert Nabholz ("Chanin Declaration") attached as Exhibit A and the Engagement Letter attached as Exhibit B and submits that such fees are at the low end of the range of compensation as compared to other professional services firms providing similar financial advisory and related investment banking services.

11. To the best of the Committee's knowledge, information and belief, other than in connection with this case, Chanin has no connection with, and holds no interest adverse to, the

Debtor, its estate, its creditors, or any other party in interest herein or their respective attorneys in the matter for which Chanin is proposed to be retained, except that Chanin may have represented, and may continue to represent, certain of the Debtor's creditors or other parties or interests adverse to such creditors or parties in interest in matters unrelated to these Chapter 11 cases, as may be disclosed in the Chanin Declaration.

12. To the best of the Committee's knowledge and based upon the Chanin Declaration, Chanin is a "disinterested person," as defined in 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 328.

WHEREFORE, the Committee respectively requests entry of the purposed Order Authorizing Employment of Chanin Capital Partners as Financial Advisors for the Committee, *nunc pro tunc* to November 30, 2009, attached as Exhibit C, and for such other further relief as is proper and just.

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF CHAMPION ENTERPRISES, INC., *et al.*

Dated: December 14, 2009  By: /s/ Mark Vanacore

Mark Vanacore, Chairperson