IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

Hearing Date: March 2, 2010 at 1:00 p.m.

**SUPPLEMENT TO DEBTORS' MOTION FOR AN ORDER: (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

On January 15, 2010, Champion Enterprises, Inc., *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtor' Motion for Entry of an Order (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (iii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (iv) Granting Related Relief* [Docket No. 273] (the "Sale Motion"). On February 8, 2010, the Debtors filed an executed copy of Asset Purchase

---

[1] The Debtors in these cases are Redman Homes, Inc.; Champion Enterprises, Inc.; Champion Home Builders Co.; New Era Building Systems, Inc.; North American Housing Corp.; Homes of Merit, Inc.; Western Homes Corporation; Star Fleet, Inc.; Champion Enterprises Management Co.; Champion Retail, Inc.; San Jose Advantage Homes, Inc.; Highland Acquisition Corp.; Highland Manufacturing Company LLC; Champion Homes of Boaz, Inc.; Iseman Corp.; and SSH Liquidating Corp.

Agreement [Docket No. 383] (the "Agreement").[2] Pursuant to the terms of the Sale Motion and the Agreement, the Debtors seek to sell all or substantially all of their assets related to the Debtors' factory-built homes and modular building manufacturing business and related Star Fleet transportation assets (the "Assets"), including the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed Agreements"), to the highest and best bidder(s) at auction, for the benefit of the estates and their creditors (a "Sale"). Sale Motion, ¶7.

The Debtors are filing this supplement (the "Supplement") to the Sale Motion in order to address issues relating to the transfer of the Star Fleet transportation assets pursuant to the Sale. Nothing proposed herein constitutes a material modification of the terms of the Sale Motion or the Agreement.

## Supplement

1. The Sale hearing is scheduled to occur on March 2, 2010 at 1:00 p.m. The sale of the Star Fleet transportation assets was part of the relief requested by the Debtors in the Sale Motion, and was expressly included in the Agreement. See: Sale Motion, ¶7; Agreement, 1.4(l) & 4.9. The substance of this Supplement reflects certain actions that will be taken on or before the closing on the Sale to mechanically accomplish the already contemplated Sale, and does not modify the substance of the Sale or the relief requested in the Sale Motion. As set forth in greater detail below, the purpose of the relief requested in the Supplement is to help the Purchaser in obtaining the transfer of some of the permits necessary to assist them in proceeding with operations upon closing. The Debtors and the Purchaser shall, in connection

---

[2] Capitalized terms not otherwise set forth herein shall have the meanings ascribed to such terms in the Sale Motion.

2

13814-001\DOCS_DE:157658.5

with this Supplement, file an amendment (the "Amendment") to the Agreement, a copy of which is attached hereto as <u>Exhibit A</u>.

2. In connection with effectuating the transfer of the Star Fleet transportation assets to the Purchaser pursuant to the Sale, or the proponent of a higher and better offer, the Debtors, subject to Court approval, intend to, on or immediately prior to the closing of the Sale:

    (a.) create a wholly owned subsidiary of Star Fleet (the "Subsidiary");

    (b.) file a name change petition (the form of which shall be mutually agreed upon by the Debtors and the Purchaser) with the Federal Motor Carrier Safety Administration (the FMCSA") requesting (i) the approval of the name change for the applicable material permit to be transferred in connection with the Sale, and (ii) that the name of the Subsidiary be reflected in the FMCSA's records with respect to applicable required material permits;

    (c.) upon approval of the name change petition, the Purchaser shall file a Form MCS-150 with the FMCSA to reflect the Subsidiary's name and address with respect to the applicable required material permits; and

    (d.) at the closing of the Sale, all of the equity interests of the Subsidiary will be transferred by the Debtors to the Purchaser as part of the purchased Assets (unless the Purchaser previously elected to exclude such Assets on a timely basis pursuant to the terms of the Agreement).

3. In connection with ultimately effectuating the Sale of the Star Fleet transportation assets as noted above, the Debtors also have been in contact with the Indiana Motor Carrier Services Division ("Indiana"), which oversees the issuance of power unit license

3

13814-001\DOCS_DE:157658.5

plates currently utilized by Star Fleet. Indiana has – subject to (i) the entry of an order by the Court authorizing the transfer of the Debtors' permits and registrations to the purchaser, and (ii) appropriate documentation from the Debtors and/or the Purchaser – indicated its approval of continued use of the plates by the Subsidiary.

### Request for Relief

4. By way of this Supplement, the Debtors seek the entry of a modified form of Sale Order, which shall be filed with the Court prior to the hearing on the Sale, that expressly authorizes the Debtors to take the above-noted actions in connection with the Sale of the Star Fleet Transportation assets, and approves the Agreement as amended.

### Basis for Relief

5. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. A sale of a debtor's assets should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F. 3d 389, 395 (3rd Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F. 2d 513, 515 (7th Cir. 1991)); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F. 2d 143 (3rd Cir. 1986); *Stephens Indus., Inc. v. McClung*, 789 F. 2d 386, 390 (6th Cir. 1986);

13814-001\DOCS_DE:157658.5

*In re Lionel Corp.*, 722 F. 2d 1063 (2nd Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D. Del. 1991). The *Delaware & Hudson Railway* court rejected the pre-Code "emergency" or "compelling circumstances" standard, finding the "sound business purpose" standard applicable and, discussing the requirements of that test under *McClung* and *Lionel*, observing:

> A non-exhaustive list of factors to consider in determining if there is a sound business purpose for the sale include: the proportionate value of the asset to the estate as a whole; the amount of elapsed time since the filing; the likelihood that a plan of reorganization will be proposed and confirmed in the near future; the effect of the proposed disposition of the future plan of reorganization; the amount of proceeds to be obtained from the sale versus appraised values of the Property; and whether the asset is decreasing or increasing in value. 124 B.R. at 176.

7. The *Delaware & Hudson Railway* court further held that "[o]nce a court is satisfied that there is a sound business reason or an emergency justifying the pre-confirmation sale, the court must also determine that the trustee has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the Buyer is proceeding in good faith." *Id.*

8. The Debtors submit that sound business judgments support the Debtors' request for authorization to take the above-noted actions in connection with the Sale of the Star Fleet transportation assets. By undertaking such steps, the Debtors will help enable the Purchaser to utilize the permits in questions in order to continue with the transportation and logistics operations of the Debtors' business by the closing on the Sale, or as quickly thereafter as possible. Moreover, no new relief is being requested in this Supplement. Instead, the Debtors are seeking Court approval for the above-noted actions as the vehicle by which to best transfer

5

the Star Fleet Transportation assets to the Purchaser, which is the relief sought in the Sale Motion.

9. Moreover, the Debtors note that the relief requested in this Supplement does not substantively change or alter any of the relief initially requested in the Sale Motion and Agreement. Instead, the relief requested herein addresses certain steps that are proposed to be taken in order for the Debtors and the Purchaser, or the proponent of a higher and better bid, to mechanically effectuate that transfer of the Star Fleet transportation assets in such a manner as to minimize the potential for any post-closing disruptions in operations that could occur in connection therewith. The Debtors have filed the Supplement in order to put parties in interest on notice of the proposed mechanism for accomplishing the requested transfer, and because the Debtors believe the creation of the Subsidiary in connection with the Sale would likely be considered an action which is outside of the Debtors' ordinary course of business.

10. Finally, the Debtors note that if the closing of the Sale to the Purchaser, or the proponent of a higher and better bid, does not occur, Star Fleet will continue to own the equity in the Subsidiary, and intend to have the Subsidiary reverse the transfers described above unless otherwise determined by the Debtors in the exercise of their business judgment.

## Notice

11. A copy of this Supplement has been served upon: (a) the Office of the United States Trustee; (b) counsel to the DIP Agent; (c) counsel to the Committee; (d) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy

Procedure; (e) the FMCSA and other applicable transportation regulatory agencies; (g) the United States Attorney's Office; and (h) counsel for the Purchaser. The Debtors respectfully submit that such notice is sufficient, in light of the fact that this Supplement is solely seeking to clarify the mechanism by which the Debtors seek to implement the Sale of the Star Fleet Transportation assets, and is not seeking any new relief beyond what was ultimately contemplated in the Sale Motion.

WHEREFORE, the Debtors respectfully request that this Court (i) grant the relief sought in this Supplement, (ii) enter a revised form of Sale Order that incorporates the relief sought in this Supplement; and (iii) grant such other and further relief as is just and proper.

Dated: February 23, 2010

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Curtis A. Hehn_
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Curtis A. Hehn (DE Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
chehn@pszjlaw.com
tcairns@pszjlaw.com

Counsel for Debtors and Debtors in Possession

13814-001\DOCS_DE:157658.5