IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-14019 (KG) |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related to Docket No. 499** |

## ORDER (A) FIXING THE PROCEDURES AND DEADLINES TO FILE PROOFS OF CLAIM PURSUANT TO FED. R. BANKR. P. 2002 AND 3003 AND TO MAKE REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND(B) APPROVING THE FORM AND MANNER OF NOTICE OF BAR DATE

Upon the Motion[2] of the above-captioned debtors and debtors in possession (the "Debtors"), requesting entry of an order (i) establishing the deadline for filing certain Proofs of Claims against the Debtors pursuant to Rule 3003-1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (ii) establishing the deadline for filing certain Administrative Expense Claims against the Debtor, and approving the form and manner of notice thereof pursuant to Bankruptcy Rule 2002(a)(7); and it appearing that the relief sought in the Motion and the entry of this Order is appropriate and necessary in order for the Debtors to determine the nature, scope and classification of all claims; and it appearing that the relief sought in the Motion is reasonable and in the best interests of the Debtors and their estates; and no

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc.(3165); and Iseman Corp. (5899). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

13814-001\DOCS_DE:153215.4

adverse interest being represented, and sufficient cause appearing therefore, and upon due deliberation given, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that all claims, as defined in section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"), **arising prior to the Petition Date**, including any claims against the Debtors' estate based on the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal or equitable liability, or otherwise (each a "Prepetition Claim"), except as otherwise provided for or specifically excepted herein, shall be filed with Epiq Bankruptcy Solutions, LLC (the "Claims Agent"), in writing, together with supporting documentation, substantially conforming with Official Bankruptcy Form 10, or as otherwise prescribed or authorized under the Bankruptcy Rules so that the Proof of Claim is **actually received** on or before **May 11, 2010, at 4:00 p.m. prevailing Eastern time** (the "Bar Date"), at the office of the Claims Agent as set forth in the Bar Date notice; and it is further

ORDERED, that any Person asserting a Prepetition Claim by reason of the rejection of an executory contract or unexpired lease, pursuant to section 502(g) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(4), must file a Proof of Claim on account of any claims such Person holds or wishes to assert against the Debtor, so that the Proof of Claim is **actually received** by the Claims Agent on or before the later of (i) thirty days after the date of the rejection of such contract or lease, or (ii) the Bar Date; and it is further

2

ORDERED, that all governmental units (which shall include all entities defined as such in section 101(27) of the Bankruptcy Code, including any such entities that hold a Claim arising from prepetition tax years or periods or prepetition transactions to which a Debtors were a party) holding or wishing to assert Claims against the Debtors arising before the Petition Date, are required to file a Proof of Claim on account of any claims such governmental unit holds or wishes to assert against the Debtor, so that the proof of Claim is **actually received** by the Claims Agent on or before **May 14, 2010, at 4:00 p.m. prevailing Eastern time**; and it is further

ORDERED, that all parties asserting certain administrative expenses against the Debtor's estate arising between the Petition Date and March 31, 2010 (but excluding claims for fees and expenses of professionals retained in these proceedings and members of the Committee in these cases) or under Bankruptcy Code § 503(b)(9), **whenever arising**, shall file a motion for allowance of such administrative expense with the Court (the "Administrative Expense Claim"), on or before **May 11, 2010, at 4:00 p.m. prevailing Eastern time**; and it is further

ORDERED, that any Person asserting a claim by reason of the recovery of a voidable transfer, pursuant to section 502(h) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(3), must file a Proof of Claim on account of any claims such Person holds or wishes to assert against the Debtor, so that the Proof of Claim is **actually received** by the Claims Agent on or before the later of (i) the Bar Date, or (ii) thirty days after the entry of final judgment avoiding such transfer and payment of such recovered transfer to the respective Debtor's estate; and it is further

ORDERED that, following the notice of any amendment to the Schedules pursuant to Bankruptcy Rule 1009(a), which amendment (i) reduces the liquidated amount or changes the priority of a scheduled Prepetition Claim, or (ii) reclassifies a scheduled, undisputed, noncontingent Prepetition Claim to be disputed, unliquidated, undetermined, and/or contingent, or (iii) adds a Prepetition Claim that was not listed on the original Schedules, any Person affected by such amendment shall be permitted to file a Proof of Claim on account of any claims such Person holds or wishes to assert against the Debtor, so that the Proof of Claim is **actually received** by the Claims Agent on or before the later of (a) the Bar Date, or (b) the first business day that is at least twenty-one after the mailing of notice of such amendment, but only to the extent such Proof of Claim does not exceed the amount scheduled for such Prepetition Claim prior to such amendment; and it is further

ORDERED, that all parties asserting claims against the Debtors' estate arising under the WARN Act or any other similar state law worker notification statute, **whenever arising** (the "WARN Act Claims"), shall file a proof of claim with the Claims Agent so that the claim is **actually received** by the Claims Agent on or before **4:00 p.m. prevailing Eastern Time on May 11, 2010**; and it is further

ORDERED, that the following claims are *excluded* from the provisions of this Order and are not required to be filed on or before the Bar Date, unless otherwise ordered by the Court:

a. claims by any Person, entity, or governmental unit that has already properly filed a Proof of Claim with the Claims Agent, or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801;

b. claims by any Person or governmental unit if that Person or governmental unit's Prepetition Claim is listed in the Schedules (or any amendment thereto) and is not scheduled as being contingent, unliquidated, or disputed, <u>unless</u> the Person or governmental unit believes that it is owed a different amount or its Prepetition Claim is entitled to a different priority than that reflected in the Schedules;

c. claims by any Person or governmental unit if that Person or governmental unit's Prepetition Claim previously has been allowed by order of the Court; and

d. claims with respect to administrative expense claims for fees and expenses of professionals retained in these proceedings and members of the Committee in these cases; and

e. claims that have been paid by the Debtors or otherwise satisfied pursuant to the authorization of the Bankruptcy Court; and

f. claims for fees payable in these cases pursuant to 28 U.S. C. §1930.

ORDERED, that any Person or governmental unit required to file a proof of Proof of Claim but does not do so in compliance with the date and procedures established herein:

a. shall not, with respect to any such claim, be treated as a creditor of the Debtors for the purpose of voting and distribution under any plan;

b. shall be forever barred from (i) filing a Proof of Claim with respect to such claim, (ii) asserting such claim against the Debtors or their estates or property, (iii) voting on any plan or plans of reorganization filed in these cases, and (iv) participating in any distribution in the Debtors' chapter 11 cases on account of such claim; and

c. shall be bound by the terms of any such plan of reorganization, if such plan is confirmed by the Court.

ORDERED, that in accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized to cause notice of the Bar Date, in a form substantially of that annexed to the Motion as Exhibit A and incorporated herein, which form is hereby approved, to be given by first class mail, postage prepaid, on or before **March 12, 2010**, upon (i) the Office of the United States Trustee, (ii) counsel for the Committee, (iii) all Persons and governmental units on the Debtors' creditor matrix, (iv) all known holders of claims listed on the Debtors' Schedules and, as applicable, any amended Schedules, at the addresses stated therein, (v) all relevant taxing authorities, (vi) the District Director of Internal Revenue for the District of Delaware, and (vii) all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that the Debtors are hereby authorized, in their sole discretion, to cause notice of the Bar Date, in a form substantially of that annexed to the Motion as Exhibit A, to be published by no later than **April 1, 2010** in the national edition of the USA Today; and it is further

ORDERED that this Court shall retain jurisdiction to interpret, implement and enforce the terms and provisions of this Order.

Dated: March 9, 2010

Honorable Kevin Gross
United States Bankruptcy Court

7

13814-001\DOCS_DE:153215.4