IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al.,[1] | ) | Case No. 09-14019 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Related Docket No. 517** |

## ORDER SUPPLEMENTING THE ORDER AUTHORIZING AND APPROVING (A) THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES

And the Court having entered that certain *Order Authorizing and Approving (A) the Sale of Substantially All Assets of the Debtors and (B) the Assumption and Assignment of Certain Contracts and Leases [Docket No. 517]* (the "Sale Order")[2] to the Purchaser on March 2, 2010, and the Court having authorized the assumption and assignment of the Assumed Agreements to the Purchaser as set forth in the Sale Order, and for the reasons set forth in the Certification of Counsel in Support of the Entry of the Order Supplementing the Order Authorizing and Approving (A) the Sale of Substantially All Assets to the Debtors and (B) the Assumption and Assignment of Certain Contracts and Leases, it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Redman Homes, Inc. (4957); Champion Enterprises, Inc. (3168); Champion Home Builders Co. (4984); New Era Building Systems, Inc. (0928); North American Housing Corp. (1097); Homes of Merit, Inc. (8488); Western Homes Corporation (6910); Star Fleet, Inc. (0506); Champion Enterprises Management Co. (6726); Champion Retail, Inc. (2154); San Jose Advantage Homes, Inc. (1951); Highland Acquisition Corp. (8962); Highland Manufacturing Company LLC (6762); SSH Liquidating Corp. (6678); Champion Homes of Boaz, Inc. (3165); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and Champion Development Corp. (4642). The address for all Debtors is 755 W. Big Beaver, Suite 1000, Troy, MI 48084.

2 Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Order.

ORDERED that the property tax consulting services agreement (the "Consulting Agreement") between the Debtors and George McElroy & Associates, Inc. ("GMA") shall be assumed and assigned to the Purchaser upon the closing on the Sale pursuant to the consent of the parties thereto and the Purchaser, pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the lease modification and extension agreement (the "Modification Agreement") between the Debtors and 5724 Industry Lane L.L.C. (the "Landlord") shall be assumed and assigned to the Purchaser upon the closing on the Sale pursuant to the consent of the parties thereto and the Purchaser, pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the cure amounts for the Consulting Agreement and the Modification Agreement shall be $0 pursuant to the agreement among the parties;[3] and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 24, 2010

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

---

[3] The underlying Frederick Office Lease, which is the subject of the Lease Modification Agreement, was included on the initial schedule of agreements to be assumed and assigned to the Purchaser with a cure amount of $9,258.09. Nothing in the Supplemental Order changes this cure amount for the Frederick Office Lease.