IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CEI LIQUIDATION ESTATE, *et al.*,[1] | ) | Case No. 09-14019 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Related Docket No. 987** |

## ORDER (A) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT; (B) SCHEDULING A HEARING TO CONFIRM THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION; (C) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; (D) APPROVING FORM OF BALLOTS, VOTING DEADLINE AND SOLICITATION PROCEDURES; AND (E) APPROVING FORM AND MANNER OF NOTICE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking entry of an order: (a) approving the adequacy of the *Disclosure Statement in Respect of Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, as amended or modified (the "Disclosure Statement"); (b) scheduling a hearing to confirm the *Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated November 16, 2010, as amended or modified (the "Plan"); (c) establishing a Plan Objection Deadline and a Voting Deadline (each as defined below); (d) approving the form of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: RH Liquidation Estate (f/k/a Redman Homes, Inc. (4957)); CEI Liquidation Estate (f/k/a Champion Enterprises, Inc. (3168)); CHBC Liquidation Estate (f/k/a Champion Home Builders Co. (4984)); NEBSI Liquidation Estate (f/k/a New Era Building Systems, Inc. (0928)); NAHC Liquidation Estate (f/k/a/ North American Housing Corp. (1097)); Homes of Merit, Inc. (8488); WHC Liquidation Estate (f/k/a Western Homes Corporation (6910)); SFI Liquidation Estate (f/k/a Star Fleet, Inc. (0506)); CEMC Liquidation Estate (f/k/a Champion Enterprises Management Co. (6726)); CRI Liquidation Estate (f/k/a Champion Retail, Inc. (2154)); SJAHI Liquidation Estate (f/k/a San Jose Advantage Homes, Inc. (1951)); HAC Liquidation Estate (f/k/a Highland Acquisition Corp. (8962)); HMCLLC Liquidation Estate (f/k/a Highland Manufacturing Company LLC (6762)); SSH Liquidating Corp. (6678); CHBI (f/k/a Champion Homes of Boaz, Inc. (3165)); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and CDC Liquidation Estate (f/k/a Champion Development Corp. (4642)). The address for all Debtors is 3520 Lakeview Drive Algonquin, IL 60102.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion or the Disclosure Statement.

13814-001\DOCS_DE:165385.1

Ballots and the form of the *Summary of Plan and Disclosure Statement*; and (e) approving certain solicitation procedures and the form and manner of notice related thereto; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that such relief is in the best interests of the Debtor's estate and creditors; it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Disclosure Statement contains adequate information as defined in 11 U.S.C. § 1125(a) and is hereby approved; and it is further

ORDERED that the Disclosure Statement is approved for solicitation as provided for herein, *provided however*, that the Debtors are not required to serve the Disclosure Statement and Plan as part of the materials included in the Solicitation Package in accordance with the provisions of this Order and Bankruptcy Rule 3017(d), but shall (a) make the Disclosure Statement and Plan accessible on the Internet at http://chapter11.epiqsystems.com/Champion, and (b) provide electronic, paper or CD-ROM copies of the Plan and Disclosure Statement at the request of any party in interest; and it is further

ORDERED that a hearing to confirm the Plan (the "Confirmation Hearing") will commence on December 29, 2010, at 1:30 p.m., prevailing Eastern Time; and it is further

ORDERED that the Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in

interest; and it is further

ORDERED that the deadline to file and serve objections to the confirmation of the Plan (the "Plan Objection Deadline") shall be 4:00 p.m., prevailing Eastern Time, on December 20, 2010; and it is further

ORDERED that all objections to the confirmation of the Plan, if any, must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Delaware; (iii) be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801; and (iv) be served upon by the following parties: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esquire and Henry C. Kevane, Esquire; (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esquire; and (c) counsel to the Official Committee of Unsecured Creditors, (I) LeClairRyan, 1800 Wachovia Tower, Drawer 1200, Roanoke, VA 24006 Attn: Michael E. Hastings, Esquire, and (II) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis, Esquire (collectively, the "Notice Parties"); and it is further

ORDERED that, the Debtors shall be allowed (but not required) to file a brief in support of confirmation of the Plan and an omnibus reply to any objections to the Plan on or before December 23, 2010; and it is further

ORDERED that the Court shall consider only written objections to the Plan that are timely filed by the Plan Objection Deadline and served upon the Notice Parties; and it is further

ORDERED that all objections to the Plan must (a) state with particularity the legal and factual grounds for such objection, (b) provide, where applicable, the specific text that the objecting party believes to be appropriate to insert into the Plan and (c) describe the nature and amount of the objector's claim; and it is further

ORDERED that objections to the Plan not timely filed and served in accordance with the provisions of this Order shall not be heard and shall be overruled; and it is further

ORDERED that October 26, 2010, shall be the record date for purposes of determining which creditors are entitled to vote on the Plan (the "Voting Record Date") and shall apply to (i) all holders of claims and (ii) all trustees and agents that will collect votes of beneficial holders of claims; and it is further

ORDERED that the deadline for casting a Ballot to accept or reject the Plan (the "Voting Deadline") shall be December 20, 2010, at 4:00 p.m. prevailing Eastern Time; and it is further

ORDERED that all Ballots accepting or rejecting the Plan must be received by Epiq Bankruptcy Solutions LLC (the "Claims Agent") by no later than 4:00 p.m., prevailing Eastern Time, on or prior to the Voting Deadline at the following address:

**If by first class mail or USPS Express Mail:**

**Champion Enterprises Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014**

**If by overnight courier or hand delivery:**

**Champion Enterprises Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd floor
New York, NY 10017**

ORDERED that the Debtors or the Court may extend the period during which votes will be accepted by the Debtors, in which case the Voting Deadline for such solicitation shall mean the last time and date to which such solicitation is extended; and it is further

ORDERED that the form of Ballots and voting instructions thereto, substantially in the form attached hereto as **Exhibit A**, are hereby approved; and it is further

ORDERED that the *Summary of Plan and Disclosure Statement* (the "Summary") substantially in the form attached hereto as **Exhibit B** is approved; and it is further

ORDERED that all votes to accept or reject the Plan must be cast by using the appropriate Ballot; and it is further

ORDERED that the Solicitation Procedures are hereby approved; *provided, however*, the Debtors reserve the right to modify, amend or supplement the Solicitation Procedures subject to Court approval; and it is further

ORDERED that by no later than November 22, 2010, the Debtors shall distribute the following solicitation materials (the "Solicitation Package") to (i) all known holders of claims against the Debtors as of the Voting Record Date who are entitled to vote on the Plan (*i.e.*, Classes 1, 2, 5 and 6), (ii) the U.S. Trustee, and (iii) the Securities and Exchange Commission:

   (a) the Summary;

   (b) the appropriate Ballot and voting instructions;

   (c) the Confirmation Hearing Notice;

   (d) a pre-addressed return envelope, if applicable, at the Debtors' sole discretion; and

   (e) any other materials ordered by the Court to be included as part of the Solicitation Package; and it is further

ORDERED that the Debtors are required to serve members of Class 3 and Class 4 only with the Summary and the Confirmation Hearing Notice and that service of such documents under the procedures set forth in the Motion and this Order shall constitute adequate transmission of the materials required under Bankruptcy Rule 3017(d); and it is further

ORDERED that the Debtors (i) are required to serve the Holders of Equity Interests only with a copy of the Confirmation Hearing Notice in lieu of the Solicitation Package; and (ii) shall not be required to forward copies of the Confirmation Hearing Notice to any beneficial Holder of an Equity Interest for which legal title to such interest is held by a Nominee. Service of the Confirmation Hearing Notice under the procedures set forth in the Motion and this Order shall constitute adequate transmission of the Confirmation Hearing Notice to Holders of Equity Interests pursuant to Bankruptcy Rules 3017(d) and (e); and it is further

ORDERED that creditors who have more than one claim shall receive only one Solicitation Package and one Ballot for each claim; and it is further

ORDERED that the following rules shall be used to tabulate votes:[3]

(a) If the Debtors do not object to a claim, the claim amount for voting purposes shall be the non-contingent, liquidated and undisputed claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the non-contingent, liquidated and undisputed claim amount listed in the Schedules;

(b) Ballots cast by creditors who timely filed proofs of claim in wholly contingent, wholly unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, will count for satisfying the requirements of section 1126(c) of the Bankruptcy Code and will count as Ballots in the amount of $1.00;

---

[3] In the procedures that follow, the use of the term "Ballot" refers to all ballots as appropriate.

(c) If a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amounts;

(d) If a creditor submits a Ballot and such creditor has not timely filed a proof of claim and is not listed on the Schedules as holding a claim which is not contingent, not unliquidated and not disputed, the creditor's Ballot shall not be counted under Bankruptcy Rule 3018, unless otherwise temporarily allowed by the Court in accordance with such Rule.

(e) If the Debtors file an objection to a timely filed claim within 10n (10) days of the Voting Record Date, such claim shall be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection;

(f) Creditors seeking temporary allowance of their claims for voting purposes must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance for voting purposes. Such Rule 3018(a) Motion, with evidence in support thereof, must be filed by no later than December 1, 2010. It shall be the responsibility of each creditor filing a Rule 3018(a) Motion to schedule a hearing on such Rule 3018(a) Motion to occur not less than ten (10) days prior to the Confirmation Hearing;

(g) Proofs of claim filed for $0.00 are not entitled to vote;

(h) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within the same Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims; *provided, however,* that any creditor may request additional ballots upon establishing to the Debtors' satisfaction that such claims are not duplicate claims;

(i) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan; and it is further

ORDERED that to ensure that its vote is counted, each holder of a claim must:

(a) Complete a Ballot;

(b) Indicate the holder's decision either to accept or reject the Plan in the boxes provided in the respective Ballot; and

(c) Sign and return the Ballot so that it is received by the Claims Agent, at the addresses set forth in above, on or before the Voting Deadline;

and it is further

ORDERED that the following general voting procedures and standard assumptions be used in tabulating Ballots:

(a) Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

(b) Creditors shall not split their vote within a claim; thus, each creditor shall be deemed to have voted the full amount of its claim either to accept or reject the Plan;

(c) Any Ballot which is executed by the holder of an allowed claim but which does not indicate an acceptance or rejection or which indicates both an acceptance and rejection of the Plan shall not be counted;

(d) Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

(e) Creditors holding claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

(f) The method of delivery of Ballots to be sent to the Claims Agent is at the election and risk of each holder of a claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Claims Agent;

(g) Delivery of the original, executed Ballot to the Claims Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted;

(h) No Ballot sent to the Debtors, any indenture trustee or agent, or the Debtors' financial or legal advisors shall be accepted or counted;

(i) The Debtors expressly reserve the right to amend at any time and from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes in the terms of the Plan the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

(j) If multiple Ballots are received from or on behalf of an individual holder of a claim with respect to the same claims prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(k) If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person must indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence satisfactory to the Debtors to so act in such capacity;

(l) The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. The Debtors may, in their sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

(m) Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in their sole discretion, which determination shall be final and binding;

(n) If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim or interest will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

(o) Any holder of an impaired claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(p) Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished

(and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(q) Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

(r) No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

(s) The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

(t) The Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim; and it is further

ORDERED that the following additional procedures shall apply to the tabulation of Master Ballots cast by Nominees:

(a) Votes cast by beneficial holders through a Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Nominee;

(b) To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a master Ballot or prevalidated Ballots, the Claim Agent will attempt and is authorized to reconcile discrepancies with the Nominees;

(c) To the extent that overvotes on a master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Claims Agent will apply the votes to accept and to reject the Proposed Plan in the same proportion as the votes to accept and reject the Plan submitted on the master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Nominee's position in the security; and

(d) For purposes of tabulating votes, each Nominee will be deemed to have voted in the principal amount relating to such security, although the Claims Agent may be asked and is authorized to adjust such principal

amount to reflect the claim amount, including prepetition interest; and it is further

ORDERED that the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit C**, is hereby approved; and it is further

ORDERED that the Debtors shall serve the Confirmation Hearing Notice by no later than November 22, 2010, on: (i) the U.S. Trustee, (ii) counsel to the Committee, (iii) the Securities and Exchange Commission, (iv) all creditors on the list of creditors maintained by the Debtors' Claims Agent in these chapter 11 cases (as part of the Solicitation Package), (v) equity security holders of the Debtors; and (vi) those parties who requested notice pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that, consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages shall not be distributed to holders of claims or interests in the Non-Voting Classes (*i.e.*, Classes 3, 4, 7 and 8), provided however, that (i) members of Classes 3 and 4 shall receive the Summary and the Confirmation Hearing Notice and (ii) members of Classes 7 and 8 shall receive the Confirmation Hearing Notice, which notice includes instructions on how to obtain copies of the Solicitation Package, if so desired; and it is further

ORDERED that to the extent that the Debtors, in their sole discretion, elect to publish the Confirmation Hearing Notice, such publication substantially in the form of Confirmation Hearing Notice attached hereto as **Exhibit C**, is approved and that the Debtors, to the extent that they elect to publish the Confirmation Hearing Notice, shall publish the Confirmation Hearing Notice in the national edition of *USA Today* on or before November 22, 2010; and it is further

ORDERED that the Debtors are excused from re-mailing Solicitation Packages or the Confirmation Hearing Notice, as the case may be, to those entities whose addresses differ from the

addresses in the claims register or the Debtor's records as of the Voting Record Date; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Nov. 17, 2010

Honorable Kevin Gross
United States Bankruptcy Judge

13814-001\DOCS_DE:165385.1