IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CEI LIQUIDATION ESTATE, *et al.*[1] | ) | Case No. 09-14019 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF (1) ENTRY OF CONFIRMATION ORDER, (2) EFFECTIVE DATE OF PLAN, (3) APPLICABLE DEADLINES UNDER PLAN, AND (4) ISSUANCE OF INJUNCTION

**TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION, AND ALL PARTIES REQUESTING NOTICE IN THE ABOVE-CAPTIONED CASES:**

**PLEASE TAKE NOTICE** that, on April 6, 2011, the Bankruptcy Court entered its *Order Confirming Debtors' Modified Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1270] (the "Confirmation Order") in connection with the *Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated November 16, 2010 [Docket No. 1083] (the "Plan").[2] Accordingly, pursuant to Sections I(B)(59) and VIII(B) and (D) of the Plan, and paragraph 9 of the Confirmation Order, the Debtors hereby provide notice of the following matters:

### Effective Date of Plan

The Effective Date of the Plan is **May 23, 2011** (the "Effective Date"). The Plan was substantially consummated on the Effective Date.

### Administrative Claims Bar Date

Pursuant to Section II(B) of the Plan, any entity asserting an Administrative Claim against any of the Debtors arising between April 1, 2010, through the Effective Date of the Plan, must file a request for payment pursuant to Section 503(a) of the Bankruptcy Code **on**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: RH Liquidation Estate (f/k/a Redman Homes, Inc. (4957)); CEI Liquidation Estate (f/k/a Champion Enterprises, Inc. (3168)); CHBC Liquidation Estate (f/k/a Champion Home Builders Co. (4984)); NEBSI Liquidation Estate (f/k/a New Era Building Systems, Inc. (0928)); NAHC Liquidation Estate (f/k/a/ North American Housing Corp. (1097)); Homes of Merit, Inc. (8488); WHC Liquidation Estate (f/k/a Western Homes Corporation (6910)); SFI Liquidation Estate (f/k/a Star Fleet, Inc. (0506)); CEMC Liquidation Estate (f/k/a Champion Enterprises Management Co. (6726)); CRI Liquidation Estate (f/k/a Champion Retail, Inc. (2154)); SJAHI Liquidation Estate (f/k/a San Jose Advantage Homes, Inc. (1951)); HAC Liquidation Estate (f/k/a Highland Acquisition Corp. (8962)); HMCLLC Liquidation Estate (f/k/a Highland Manufacturing Company LLC (6762)); SSH Liquidating Corp. (6678); CHBI (f/k/a Champion Homes of Boaz, Inc. (3165)); Iseman Corp. (5899); MHCDC, LLC (3417); HomePride Finance Corp. (4767); and CDC Liquidation Estate (f/k/a Champion Development Corp. (4642)). The address for all Debtors is 3520 Lakeview Drive, Algonquin, IL 60102.

[2] Unless otherwise defined, a capitalized term used in this notice shall have the meaning set forth in the Plan

or before the 30th day following the Effective Date of the Plan (*i.e.*, June 22, 2011), or be forever barred from asserting such an Administrative Claim against the Debtors, the Liquidating Debtors, or the Creditor Trust, or any property of the Debtors, the Liquidating Debtors or the Creditor Trust, and from sharing in any distributions under the Plan.

## Professional Fee Claims Bar Date

Pursuant to Section II(C) of the Plan, any Professional asserting a Professional Fee Claim under Sections 330, 331 or 503 of the Bankruptcy Code must file its application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date of the Plan on **or before the 60th day following the Effective Date of the Plan** (*i.e.*, July 22, 2011), or be forever barred from asserting a Professional Fee Claim against the Debtors, the Liquidating Debtors or the Creditor Trust, or any property of the Debtors, the Liquidating Debtors or the Creditor Trust, and from sharing in any distributions under the Plan. All final applications for allowance and disbursement of Professional Fees must be in compliance with the terms and provisions of any applicable orders of the Bankruptcy Court.

## Rejection Bar Date

Pursuant to Section VII(B) of the Plan, any Entity asserting a claim for damages arising from the rejection of an executory contract or unexpired lease pursuant to Section VII(A) of the Plan, must file its Proof of Claim **on or before the 30th day following the Effective Date of the Plan** (*i.e.*, June 22, 2011), or be forever barred from asserting such a claim against the Debtors, the Liquidating Debtors or the Creditor Trust, or any property of the Debtors, the Liquidating Debtors or the Creditor Trust, and from sharing in any distributions under the Plan.

## Injunction

The following injunction has been issued in connection with Confirmation of the Plan.

*Except as otherwise expressly provided in the Plan, all Entities that have held, hold or may hold Claims against or Equity Interests in the Debtors are permanently enjoined, from and after the Effective Date, from taking any of the following actions against any of the Debtors, their Estates, the Committee, the Estate Administrator, the Liquidating Debtors, the Creditor Trust, the Creditor Trustee, the Professionals, or any of their property on account of any Claims or causes of action arising from events prior to the Effective Date: (i) enforcing, attaching, collecting or recovering by any manner or in any place or means any judgment, award, decree or order; (ii) creating, perfecting, or enforcing any Lien or encumbrance of any kind; (iii) asserting any right of setoff, right of subrogation or recoupment against any obligation, debt or liability due to the Debtors, and (iv) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Except as expressly provided herein, the Debtors, the Liquidating Debtors, the Creditor Trust and the Creditor Trustee expressly reserve all rights and defenses that the Debtors may have (including, without limitation, the rights of subrogation and recoupment) with respect to any obligation, debt or liability allegedly due to any Entity. By accepting Distributions pursuant to the Plan, each Creditor holding an Allowed Claim will be deemed to have specifically consented to the injunctions set forth herein. Nothing in this*

*injunction shall prohibit a Creditor holding a timely Filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and to be paid in accordance with the distribution provisions of this Plan.*

*Further (and notwithstanding anything to the contrary in the Plan), nothing in this injunction (or the terms of the injunction set forth in Section IX(E) of the Plan) shall prohibit a Creditor holding a timely Filed Proof of Claim from seeking relief from this injunction, in the manner and according to the procedures otherwise applicable to seeking relief from the automatic stay under Section 362(d) of the Bankruptcy Code, for the purpose of liquidating such claim in order to pursue coverage, if any, under any insurance policy of or for the benefit of the Debtors.*

Dated: May 23, 2011

JACK B. FISHMAN & ASSOCIATES, P.C.

_____
Jack B. Fishman, Esq.
3250 Lakeview Drive
Algonquin, IL 60102
Telephone: (847) 458-8107
Facsimile: (847) 458-8107
Email: jbfishman@fishmanpc.com

Estate Administrator for Liquidating Debtors


PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Henry C. Kevane (CA Bar No. 125757)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       hkevane@pszjlaw.com

Counsel to Liquidating Debtors