# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CEI LIQUIDATION ESTATE,[1] | Case No. 09-14019 (KG) |
| Debtor. | Jointly Administered |
| In re: | Chapter 11 |
| CHBC LIQUIDATION ESTATE, | Case No. 09-14025 (KG) |
| Debtor. | Jointly Administered |
| | **Ref. Nos. 1819 and 1824** |

## FINAL DECREE PURSUANT TO 11 U.S.C. § 350(A), FED. R. BANKR. P. 3022, AND LOCAL RULE 3022-1 CLOSING REMAINING CHAPTER 11 CASES; DISCHARGING THE CREDITOR TRUSTEE AND ESTATE ADMINISTRATOR AND TERMINATING THE ENGAGEMENT OF THE CLAIMS AGENT

This matter having been brought before the Court upon the Motion[2] of the Creditor Trustee and the Estate Administrator for entry of a final decree (i) pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 closing the Remaining Cases, (ii) discharging the Creditor Trustee and Estate Administrator and (iii) terminating the engagement of the claims agent, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Liquidation Estate (f/k/a Champion Enterprises, Inc.) (3168) and CHBC Liquidation Estate (f/k/a Champion Home Builders Co.) (4984). The address for the Debtors is 3520 Lakeview Drive, Algonquin, IL 60102.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{798.003-W0038812.3}

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the estates of the Remaining Debtors have been fully administered and the relief sought in the Motion and the entry of this Final Decree is appropriate; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief granted herein is in the best interests of the Creditor Trust, the Debtors' estates, the Debtors' creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby OVERRULED and DENIED on the merits;

3. Pursuant to 11 U.S.C. § 350(a), the following Chapter 11 cases are hereby CLOSED effective as of the date of the entry of this order: CHBC Liquidation Estate, f/k/a Champion Home Builders Co. (Case No. 09-14025-KG) and CEI Liquidation Estate, f/k/a Champion Enterprises, Inc. (Case No. 09-14019-KG).

4. The Creditor Trust is hereby TERMINATED.

5. The Creditor Trustee is hereby DISCHARGED.

6. The Estate Administrator is hereby DISCHARGED.

7. Upon completion of its duties under the Epiq Retention Order and the Local Rules including, but not limited to, the services listed below in paragraph 8, Epiq's engagement as the claims noticing and balloting agent for the Chapter 11 Cases shall be terminated.

8. Pursuant to Local Rule 2002-1(f), within thirty (30) days of entry of this Final Decree, Epiq shall, among any other requirements imposed by the Local Rules and the Epiq Retention Order: (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a Final Claims Register in the lead case containing claims of all cases, (d) docket a Final Claims Register in each jointly-administered case containing the claims of only that specific case. Epiq shall also box and deliver all original claims to the Philadelphia Records Center and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

9. Notwithstanding any other provision of this Final Decree, the Creditor Trustee shall, on or before thirty (30) days after entry of this Final Decree: (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) to the extent not previously paid; and (b) serve copies of any post-confirmation reports filed and not previously served on the U.S. Trustee. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or any subsequently filed post-confirmation reports.

10. The Movants and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

11. This Order is without prejudice to and does not otherwise affect the continuing effect of the Plan and applicable provisions of the Confirmation Order that will survive the closing of these cases.

12. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: OCTOBER 30, 2015

_____
The Honorable Kevin Gross
United States Bankruptcy Judge